**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0550n.06

No. 08-4259

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| JEREMY LOCKETT, | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | **O P I N I O N** |
| | ) | |
| _____ | ) | |

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED
Aug 10, 2009
LEONARD GREEN, Clerk**

**Before: CLAY and SUTTON, Circuit Judges; THAPAR,** [*] **District Judge.**

_____**THAPAR, District Judge.** Jeremy Lockett pleaded guilty to one count of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 846 and 841, and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Lockett to 151 months in prison on the drug charge and 120 months in prison on the gun charge, both sentences to be served concurrently. After his sentencing, and while he was in prison, the Sentencing Commission adopted Amendment 706 to the Sentencing Guidelines, effective November 1, 2007, which lowered the sentencing ranges that applied to most crack cocaine offenses. Following this amendment, Lockett filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), which the district court denied. He now appeals on the basis that the district court

_____

[*]The Honorable Amul R. Thapar, United States District Judge for the Eastern District of Kentucky, sitting by designation.

abused its discretion by denying his motion. He is incorrect.

First, the district court did not sentence Lockett under the crack cocaine guideline, U.S.S.G. § 2D1.1. Rather, it sentenced him under U.S.S.G. § 4B1.1, the career offender guideline, due to the fact that he had previously been convicted of felony assault with intent to do great bodily harm in 1998 and four counts of trafficking in drugs in 2002. Consequently, Amendment 706, which amended § 2D1.1 but not § 4B1.1, has no effect on the ultimate sentencing range imposed on Lockett. *United States v. Perdue*, __ F.3d __, No. 08-4358, 2009 WL 2015242, at \*3-4 (6th Cir. July 14, 2009) (citing *United States v. Leasure*, No. 07-6125, 2009 WL 1546370, at \*7 (6th Cir. June 3, 2009); *United States v. Alexander*, 543 F.3d 819, 825 (6th Cir. 2008)). Therefore, he is not entitled to a reduction of his sentence on the basis of Amendment 706. As a result, § 3582(c)(2) does not authorize a reduction in Lockett's sentence. *See* U.S.S.G. § 1B1.10(a)(2)(B) (noting that § 3582(c)(2) does not authorize a sentence reduction if the relevant amendment "does not have the effect of lowering the defendant's applicable guideline range").

Moreover, contrary to Lockett's assertion, whether guideline provisions limiting a district court's discretion to reduce a sentence, such as § 1B1.10, are constitutional under *Booker* is not at issue here since under the plain language of § 3582(c)(2) Lockett is ineligible for a sentencing reduction. *Id.* at \*4 ("Even assuming *arguendo* that the Sentencing Commission has no authority to limit the district court's ability to reduce [the defendant's] sentence, *Congress* may certainly cabin the court's discretion, and it does so expressly in the text of 18 U.S.C. § 3582(c)(2).").[1]

---

[1]Lockett also contends that *United States v. Ragland*, 568 F. Supp. 2d 19, 23-24 (D.D.C. 2008), supports his position that § 1B1.10 cannot limit a sentencing reduction under § 3582 to two levels. *See id.* at 23-24 (holding that § 1B1.10 cannot limit a district court's discretion in re-sentencing in light of *Booker* and its progeny). However, *Ragland* reached the question regarding the role of *Booker* in re-sentencing only because the defendant was sentenced based on

In the alternative, Lockett asserts that he was not actually sentenced as a career offender since the district court gave him a five-level reduction pursuant to the government's § 5K1.1 request. He argues that, with the § 5K1.1 departure, his sentence is closer to the § 2D1.1 guidelines range for crack cocaine than the § 4B1.1 guidelines range for career offenders, thereby giving the district court authority to reduce his sentence. The § 5K1.1 departure, however, did not change the fact that Lockett was sentenced based on his career offender status—not the amended § 2D1.1 provision. *See United States v. Moore,* 541 F.3d 1323, 1329-30 (11th Cir. 2008) (rejecting the argument that downward departures meant they were not sentenced based on the career offender guidelines ranges). Further, Lockett cites *United States v. Poindexter*, 550 F. Supp. 2d 578 (E.D. Penn. 2008), as support for this argument, even though the sentencing at issue there had material differences. *See id.* at 580-81 (holding that a modification was appropriate since the district court did not apply the career offender provision). The court in *Poindexter* found that the career offender designation over-represented the defendant's total offense level. *Id.* Thus, the court stated that § 2D1.1 was the basis for its sentence. *Id.* at 580 n.4. Like *Ragland*, *Poindexter* is inapposite since the district court here did not find that the career offender designation over-represented Lockett's total offense level. Rather, the district court calculated his sentence based on his career offender status, which was unaffected by Amendment 706.

Finally, Lockett also appears to argue that even if he was sentenced pursuant to § 4B1.1, his

---

§ 2D1.1. *Id.* at 20. Thus, the issue related to the applicability of *Booker* was presented in *Ragland* only after the court determined that the defendant was in fact eligible for a sentencing reduction. Here, Lockett was ineligible for a sentencing reduction. Hence, *Ragland* has no effect on our conclusion. In fact, *Ragland* explicitly distinguished cases like the present one, where a court found the defendant ineligible for a sentencing reduction under § 3582(c)(2). *See id.* at 22 n.4.

sentence was still "based on" § 2D1.1, because the offense level under § 2D1.1 was considered by the district court and, thus, contributed to his sentence. *See* § 3582(c)(2) (authorizing a district court to reduce a sentence where the defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ."). While he is correct that the court calculated his offense level under § 2D1.1, it never relied upon that offense level in calculating his sentence. Instead, the court based his sentence on the offense level under § 4B1.1, which Amendment 706 did not amend. *See United States v. Caraballo*, 552 F.3d 6, 10 (1st Cir. 2008) ("[T]o say that the defendant's sentence was 'based on' the crack cocaine guideline [as opposed to the career offender guideline] strains credulity. Reaching that result would require us to rewrite section 3582(c)(2) and, in the bargain, invade Congress's exclusive preserve."); *Moore*, 541 F.3d at 1327 (finding that, under the plain language of § 3582(c)(2), the amended crack cocaine guideline played no role in calculating the sentencing range applied to a defendant who was a career offender); *United States v. Thomas*, 524 F.3d 889, 889-90 (8th Cir. 2008) (per curiam) (same). Since § 4B1.1 was unmodified, the district court had no authority under § 3582(c)(2) to reduce Lockett's sentence.

Because the crack cocaine amendments did not affect Lockett's sentencing range, the district court was correct in denying Lockett's motion for a sentence reduction. We **AFFIRM** the judgment of the district court.