*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 10a0009p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TORRENCE GILLIS,

*Defendant-Appellant.*

Nos. 07-3754; 09-3397

>

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
Nos. 06-00290; 06-00290-012—
Patricia A. Gaughan, District Judge.

Argued and Submitted: October 15, 2009

Decided and Filed: November 5, 2009[*]

Before: MARTIN, ROGERS, and COOK, Circuit Judges.

─────────────────

## COUNSEL

**ARGUED:** Gary W. Crim, LAW OFFICE, Dayton, Ohio, for Appellant. Edward F. Feran, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee. **ON BRIEF:** Gary W. Crim, LAW OFFICE, Dayton, Ohio, Donna M. Grill, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Toledo, Ohio, for Appellant. Edward F. Feran, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee.

─────────────────

## OPINION

─────────────────

BOYCE F. MARTIN, JR., Circuit Judge. In 07-3754, Torrence Gillis appeals his sentence, arguing that his sentence was unreasonable because the judge did not recognize that the guidelines were advisory and that he had the power to vary from the sentencing

---

[*] This decision was originally issued as an "unpublished decision" filed on November 5, 2009. The court has now designated the opinion as one recommended for full-text publication.

1

guidelines and the policy determinations of the Sentencing Commission. The government concedes that the district court erred, and the government has not met its burden of proving that the error was harmless. Thus, we **REVERSE** the district court's ruling and **REMAND** this case for re-sentencing by the court with full knowledge of its power to disagree with the policy determinations of the Sentencing Commission.

In 09-3397, Gillis argues that the district court abused its discretion in denying his motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). However, as the district court properly denied Gillis' motion for modification of sentence because his career offender status pursuant to U.S.S.G. § 4B1.1 disqualified him from receiving a reduced sentence under the Guidelines Amendment 706 for crack cocaine offenses under Guideline 2D1.1, we **AFFIRM** the judgment of the district court.

I.

On June 14, 2006, the grand jury returned a 49-count indictment against Gillis and his co-defendants for activities related to the possession and sale of crack cocaine within 1,000 feet of a public school. Gillis was charged with Count 1, conspiracy to possess with intent to distribute crack within 1,000 feet of school property in violation of 21 U.S.C. §§ 841(a)(1) and 860(a), and Count 2, possession with intent to distribute 4.12 grams of crack within 1,000 feet of school property in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 860(a). On November 15, 2006, the government filed a Section 851 Information to establish prior convictions. On March 19, 2007, the jury acquitted Gillis on Count 1 and found him guilty on Count 2.

Gillis' sentencing took place on May 22, 2007. Had the court sentenced him under U.S.S.G. § 2D1.1 based on the amount of crack attributable to him, he would have received a base offense level of 26. However, the district court found that, consistent with the U.S. Probation Office's presentence report, Gillis was a career offender under U.S.S.G. § 4B1.1, yielding an adjusted offense level of 34 and a criminal history category of VI, which carries a Guideline range of 262-327 months. After Gillis' counsel spoke of Gillis' upbringing, the court sentenced Gillis to 262 months' imprisonment followed by six years of supervised release, stating:

Well, the Court does not believe that a criminal history category six overstates the seriousness of his criminal history for all the reasons stated by [the prosecutor], that this defendant has 17 points, and criminal history category six is 13 points and above. In addition, the Court must note that the Sixth Circuit has clearly stated in the case of United States of America v. James M. Funk, F-U-N-K, that a district court can not reject the legislator's policy behind career offender status. So whether or not I agree or disagree with the career offender provision, the Court must apply it if in fact the evidence is such that a defendant has sufficient convictions to be classified as a career offender. Therefore, I am not going to depart for both of those reasons from the career offender status.

Gillis timely appealed.

On December 17, 2007, Gillis filed a *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), based on an amendment to the Sentencing Guidelines which lowered the base offense levels for crack cocaine offenses. Gillis was appointed counsel on June 16, 2008. On March 9, 2009, the Federal Public Defenders' office filed a second motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). Having received the government's response, the district court denied Gillis' motion on April 6, 2009, concluding that Gillis was ineligible for a sentence reduction because of his career offender status. Gillis timely appealed (09-3397).

II.

**A.     Unreasonable Sentence Under Section 3553(a)**

A district court abuses its discretion when it makes an error of law. *Koon v. United States*, 518 U.S. 81, 100 (1996). We have defined an abuse of discretion as "a definite and firm conviction that the trial court committed a clear error of judgment. A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *United States v. Carter*, 463 F.3d 526, 528 (6th Cir. 2006) (citation and internal quotation marks omitted). An abuse of discretion that does not affect substantial rights is harmless error. *United States v. Beverly*, 369 F.3d 516, 540 (6th Cir. 2004).

Here, the government concedes in light of *Booker* and *Spears v. United States*, — U.S. —, 129 S. Ct. 840 (2009), that the career offender Guidelines are not mandatory and that district courts have authority to vary below the low end of the career offender Guideline.

*See United States v. Michael*, 576 F.3d 323 (6th Cir. 2009).  Thus, the government concedes that the district court committed error at sentencing in relying upon *United States v. Funk*, 477 F.3d 421 (6th Cir. 2007), *cert. granted, judgment vacated*, 128 S. Ct. 861 (2008), to conclude that it could not vary based on a rejection of the policy underlying the career offender Guidelines.  However, the government argues that Gillis' substantial rights were not affected because the district court would have imposed the same sentence even if it did not believe that it was constrained by the *Funk* holding, so the error was harmless.

Where we accept the government's concession of error, we "must determine whether any error in sentencing was harmless, as opposed to conducting a plain error analysis." *United States v. Hazelwood*, 398 F.3d 792, 801 (6th Cir. 2005) (citations omitted).  Harmless error may be established 'where the government is able to prove that none of the defendant's substantial rights have been affected by the error."  *United States v. Oliver*, 397 F.3d 369, 381 (6th Cir. 2005); *see also* FED. R. CRIM. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.").  There can be no harmless error unless the appellate court can determine from the record that the same sentence would be imposed on remand.  *United States v. Johnson*, 467 F.3d 559 (6th Cir. 2006).  For the government to carry its burden, it must demonstrate "to the Court *with certainty* that the error at sentencing did not cause the defendant to receive a more severe sentence."  *United States v. Lanesky*, 494 F.3d 558, 561 (6th Cir. 2007) (emphasis in original).

Here, the government has not met its burden of showing that the district court's error was harmless because we cannot conclude that the district court would have imposed the same sentence had it known that the career offender Guidelines were advisory.  On one hand, the district court did make statements implying that it independently found Gillis to be a career offender and the court may have given him the same sentence had the judge not believed himself bound by *Funk*.  However, on the other hand, the court sentenced Gillis to the lowest sentence available in the sentencing range:  262 months.  This makes it less clear that the judge would have imposed the same sentence had he not believed himself to be bound by *Funk* and the career offender Guidelines.

We therefore **REVERSE** the district court's ruling and **REMAND** this case for re-sentencing by the judge without being constrained by the *Funk* holding. Having already found sufficient facts to find Gillis to be a career offender, the judge must continue his Section 3553(a) considerations using the advisory career offender Guideline range as a starting point.

### B.      Motion for a Reduced Sentence

Section 3582(c)(2) authorizes a district court to reduce a sentence where the defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). After Gillis' sentencing and while he was in prison, the Sentencing Commission adopted Amendment 706 to the Sentencing Guidelines, effective November 1, 2007, which lowered the sentencing ranges that applied to most crack cocaine offenses. Following this amendment, Gillis filed a motion for a sentence reduction under Section 3582(c)(2), which the district court denied.

In this case, the district court did not sentence Gillis under the crack cocaine guideline, U.S.S.G. § 2D1.1; rather, it sentenced him under U.S.S.G. § 4B1. 1, the career offender guideline. Consequently, Amendment 706, which amended § 2D1.1 but not § 4B1.1, has no effect on the ultimate sentencing range imposed on Gillis. *United States v. Lockett*, 2009 WL 2445733, at *1 (6th Cir. 2009) (citing *United States v. Perdue*, 572 F.3d 288, 292 (6th Cir. 2009) (*citing United States v. Leasure*, No. 07-6125, 2009 WL 1546370, at *7 (6th Cir. June 3, 2009); *United States v. Alexander*, 543 F.3d 819, 825 (6th Cir. 2008))). Therefore, he is not entitled to a reduction of his sentence on the basis of Amendment 706. As a result, Section 3582(c)(2) does not authorize a reduction in Gillis' sentence. *See* U.S.S.G. § 1B1.10(a)(2)(B) (noting that Section 3582(c)(2) does not authorize a sentence reduction if the relevant amendment "does not have the effect of lowering the defendant's applicable guideline range").

Moreover, contrary to Gillis' assertion, whether guideline provisions limiting a district court's discretion to reduce a sentence, such as § 1B1. 10, are constitutional under *Booker* is not at issue here since, under the plain language of § 3582(c)(2), Gillis is ineligible for a sentencing reduction. *Lockett*, 2009 WL 2445733, at *1 ("Even assuming arguendo that the Sentencing Commission has no authority to limit the district court's ability to reduce

[the defendant's] sentence, Congress may certainly cabin the court's discretion, and it does so expressly in the text of 18 U.S.C. § 3582(c)(2).").

III.

For the foregoing reasons, we **REVERSE** and **REMAND** Gillis' case for resentencing.  We **AFFIRM** the judgment of the district court as to Gillis' motion for a reduced sentence.