**NOT RECOMMENDED FOR PUBLICATION**
File Name: 10a0106n.06

**No. 08-6299**

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

**Feb 17, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| SHAWN WILLIAMS, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

Before: MARTIN, SILER, and MOORE, Circuit Judges.

**PER CURIAM.** Shawn Williams appeals the district court's order denying relief pursuant to 18 U.S.C. § 3582(c)(2), which permits modification of a term of imprisonment that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The district court denied a sentence reduction under Amendments 706 and 713 to the United States Sentencing Guidelines ("USSG"), which together retroactively reduce the base offense levels applicable to cocaine base ("crack") offenses, concluding that Williams was ineligible for a sentence reduction under § 3582(c)(2) because he was sentenced as a career offender and Amendment 706 did not lower his sentence. We **AFFIRM**.

Pursuant to a Rule 11 plea agreement, Williams pled guilty to possessing fifty or more grams of crack with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). The parties agreed that the amount of drugs involved in the case was 130.1 grams of crack. The

government agreed to recommend a sentence at the lowest end of the applicable Guidelines range, but not lower than any applicable mandatory minimum sentence.  It also agreed to a three-level reduction for acceptance of responsibility, pursuant to USSG § 3E1.1(a) and (b).

Williams's base offense level was 32 and he was given a 3-level reduction for acceptance of responsibility, yielding a total offense level of 29.  Because he was a career offender, however, his total offense level was enhanced to 34 pursuant to USSG § 4B1.1(b).  Thus, his Guidelines range was 262-327 months' imprisonment.  The district court found that Williams was a career offender and sentenced him to 262 months' imprisonment, to run consecutively to a state sentence that Williams was serving.

On appeal, Williams argues that the district court erroneously concluded that he was ineligible for sentence modification under § 3582(c)(2) because *United States v. Booker*, 543 U.S. 220 (2005), made the Guidelines advisory, thereby making it inconsistent for sentence reductions to be dictated by the Guidelines.  Williams's arguments are foreclosed by *United States v. Perdue*, 572 F.3d 288 (6th Cir. 2009), which concluded that a defendant sentenced as a career offender under § 4B1.1 is ineligible for a § 3582(c)(2) sentence reduction based on Amendment 706.  *Id.* at 292-93. We explained that, because Congress expressly limited the applicability of § 3582(c)(2) to "defendant[s] whose sentence was based on a subsequently-lowered sentencing range" and Amendment 706 did not change the base offense level for career offenders under § 4B1.1, defendants sentenced as career offenders are not eligible for sentence modification under § 3582(c)(2) and Amendment 706.  *Id.* at 292 (internal quotation marks omitted); *see also United States v. Gillis*, -- F.3d --, 2009 WL 364466, at *3 (6th Cir. 2009) (agreeing that a defendant sentenced under § 4B1.1

No. 08-6299
United States v. Williams

is ineligible for a sentence reduction based on Amendment 706); *United States v. Lockett*, 341 F. App'x 129, 131 (6th Cir. 2009) (rejecting the argument that a career offender sentenced pursuant to § 4B1.1 was sentenced "based on" § 2D1.1 such that Amendment 706 reduces his sentence). *Booker* has no impact on that result. As we stated in *Perdue*, "[e]ven assuming *arguendo* that the Sentencing Commission has no authority to limit the district court's ability to reduce [a defendant's] sentence, *Congress* may certainly cabin the court's discretion, and it does so expressly in the text of 18 U.S.C. § 3582(c)(2)." 572 F.2d at 292.

**AFFIRMED.**