*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 10a0168p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,
　　　　　　　　　　　*Plaintiff-Appellee,*

　　　v.

KENNETH BRIDGEWATER,
　　　　　　　　　　　*Defendant-Appellant.*

No. 09-5303

_____

Appeal from the United States District Court
for the Western District of Kentucky at Bowling Green.
No. 05-00002-001—Joseph H. McKinley, Jr., District Judge.

Submitted: December 2, 2009

Decided and Filed: June 9, 2010

Before: SILER and GIBBONS, Circuit Judges; REEVES, District Judge.[*]

_____

## COUNSEL

_____

**ON BRIEF:** Frank W. Heft, Jr., Jamie L. Haworth, OFFICE OF THE FEDERAL DEFENDER, Louisville, Kentucky, for Appellant. Terry M. Cushing, Monica Wheatley, ASSISTANT UNITED STATES ATTORNEYS, Louisville, Kentucky, for Appellee.

_____

## OPINION

_____

JULIA SMITH GIBBONS, Circuit Judge. Defendant-appellant Kenneth Bridgewater appeals the district court's denial of his motion for a sentence modification pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, we affirm the district court's decision.

_____

[*]The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

1

**I.**

The facts of this case are undisputed. As recounted in the Presentence Investigation Report ("PSR"), Bridgewater was indicted on eight counts of possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1). Because Bridgewater had prior drug trafficking convictions, the United States filed a notice pursuant to 21 U.S.C. § 851 to enhance his sentence. Bridgewater thereafter pled guilty on all counts with no plea agreement.

Based on his prior drug trafficking convictions, Bridgewater qualified as a career offender under U.S.S.G. § 4B1.1. Because the government filed a § 851 enhancement, which increased the maximum offense level for two counts to life imprisonment, and after adjustments for acceptance of responsibility, Bridgewater's total offense level was calculated as 34. This total offense level, coupled with a criminal history category of VI, resulted in a guideline range of 262 to 327 months.

At sentencing, the district court considered the circumstances of his case, including Bridgewater's criminal history and the government's 21 U.S.C. § 851 enhancement, and expressed concern that the government's exercise of enhancing discretion "causes as much disparity among defendants as judge sentencing." The court, however, concluded that it "need[ed] to sentence [Bridgewater] to something more than what the regular [crack cocaine] guideline [was]." The district court therefore chose to vary from the enhanced career offender guideline, selecting a total offense level of 31 with a criminal history category of VI. This offense level, which corresponded to the unenhanced career offender guideline, *see* U.S.S.G. § 4B1.1(b) (2004), resulted in a sentencing range of 188 to 235 months. The district court then sentenced Bridgewater to 188 months imprisonment.

On March 10, 2008, Bridgewater filed a *pro se* motion for sentence modification pursuant to 18 U.S.C. § 3582(c), relying upon Amendments 706 and 711 to U.S.S.G. § 2D1.1, which reduced the base offense level for most cocaine offenses by two levels and modified the Guidelines drug conversion chart. U.S.S.G. app. C, amd. 706 and 711 (2008). The district court denied the motion without prejudice. On June 16, 2008, the

district court appointed counsel for Bridgewater and ordered the Probation Office to file a Memorandum of Recalculation ("MOR").  The MOR determined that Bridgewater's status as a career offender disqualified him from any reduction in sentence.

In a written order, the district court subsequently declined to reduce Bridgewater's sentence.  The court concluded that because "[t]he Defendant received a 'non-guideline' sentence originally [and] [c]onsidering the factors of 18 U.S.C. § 3553(a), [it] remained convinced that [the original sentence was] an appropriate sentence."

## II.

We review the denial of a motion for a sentence modification under 18 U.S.C. § 3582(c)(2) for abuse of discretion.  *See United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007).  "A district court abuses its discretion when it applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact."  *United States v. Pugh*, 405 F.3d 390, 397 (6th Cir. 2005).  We may reverse the district court's decision only if we are "firmly convinced that a mistake has been made."  *United States v. Moore*, 582 F.3d 641, 644 (6th Cir. 2009) (quoting *McCombs v. Meijer, Inc.*, 395 F.3d 346, 358 (6th Cir. 2005)).  "When reviewing the district court's application of the Sentencing Guidelines, we review the district court's factual findings for clear error and mixed questions of law and fact *de novo*."  *United States v. May*, 568 F.3d 597, 604 (6th Cir. 2009).  If the district court concludes that it lacks the authority to reduce a defendant's sentence, its determination of the defendant's ineligibility for a sentence reduction is a question of law that we review *de novo*.  *See United States v. Johnson*, 569 F.3d 619, 623 (6th Cir. 2009).

In general, a court may not change or modify a sentence unless such authority is expressly granted by statute.  *See United States v. Houston*, 529 F.3d 743, 748 (6th Cir. 2008) (citation omitted).  One such authorized exception arises "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," in which case a court "may" reduce a term of imprisonment "after considering the factors set forth in

[18 U.S.C. § 3553(a)] to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 706 to the Sentencing Guidelines, made effective November 1, 2007, reduced the base offense level for most crack offenses by two levels and is one of the retroactive amendments listed in U.S.S.G. § 1B1.10 that may be considered for a sentence reduction under 18 U.S.C. § 3582(c)(2). *United States v. Poole*, 538 F.3d 644, 645 (6th Cir. 2008).

In *United States v. Perdue*, however, we held that "Amendment 706 has no effect on the ultimate sentencing range imposed . . . under the career-offender Guideline." 572 F.3d 288, 293 (6th Cir. 2009). Thus, "a defendant convicted of crack-related charges but sentenced as a career offender under U.S.S.G. § 4B1.1 is not eligible for a reduction based on Amendment 706." *United States v. Curry*, 2010 WL 550663, at *2 (6th Cir. Feb. 17, 2010) (citing *Perdue*, 572 F.3d at 292–93). This is true even where a defendant was granted a downward departure from the career offender Guideline. *Perdue*, 572 F.3d at 290 (concluding that Amendment 706 had no effect on the sentencing range where there was a downward departure for substantial assistance under U.S.S.G. § 5K1.1).

While Bridgewater's characterization of the district court's selection of a sentence below the applicable Guideline range as a "departure" undergirds much of his argument on appeal, the fact that the district court actually made use of a variance is of no consequence under the circumstances.[1] As this court noted in *United States v. Curry*,

> The distinction between a sentence in which the district court applies a variance from the recommended guideline range based upon *Booker* and the § 3553(a) factors but the sentence is nonetheless "based on" the Guidelines, and one where the sentence is not "based on" the Guidelines at all may indeed be subtle. The district courts, however, are fully capable of making that distinction and determining whether a further

---

[1] Because the government did not move for a downward departure under U.S.S.G. § 5K1.1, the district court's decision to impose a sentence outside the Guidelines range was a "variance" or a "non-Guideline departure" rather than a true "Guideline departure." *United States v. Jordan*, 544 F.3d 656, 671 n.12 (6th Cir. 2008); *see also United States v. Grams*, 566 F.3d 683, 686 (6th Cir. 2009) ("A 'variance' refers to the selection of a sentence outside of the advisory Guidelines range based upon the district court's weighing of one or more of the sentencing factors of § 3553(a).").

reduction is appropriate, regardless of whether the original sentence incorporated a variance or departure from the Guidelines.

2010 WL 455364, at *5 (6th Cir. Feb. 10, 2010). The rationale underlying *Perdue*, however, applies with equal force where the district court's downward variance uses the career offender Guideline as the benchmark from which the variance was applied.

Here, the district court, upon considering the § 3553(a) factors, concluded that the enhanced career offender guideline range based on the statutory maximum of life was too high based on concerns that the government's enhancing discretion caused disparity in sentencing. The district court then determined that employing the total offense level of 31 best reflected the policy concerns found in § 3553(a). This offense level corresponded to the unenhanced career offender base level less the applicable three point reductions for Bridgewater's acceptance of responsibility. *See* U.S.S.G. § 4B1.1(b) (2004). The court therefore varied downward from one career offender level to another, and the career offender Guideline, rather than the crack base offense level, served as the benchmark for sentencing. (*See* Statement of Reasons at 3 ("Had [the enhancement] motion not been filed, the defendant would have faced an advisory guideline range of 188 to 235 months (an offense level of 31 with a criminal history of VI").) Indeed, the district court specifically stated that it felt it needed to select a sentencing range that was higher than that afforded by the applicable crack base offense level. Because the district court selected a sentence based on the career-offender Guideline, and "Amendment 706 has no effect on the ultimate sentencing range imposed . . . under the career-offender Guideline," *Perdue*, 572 F.3d at 293, Bridgewater is not eligible for a reduction based on Amendment 706.

In any event, the decision to grant a sentence reduction is discretionary, and "[s]ection 3582 does not create a *right* to a reduced sentence." *Curry*, 2010 WL 455364, at *6 (noting that the language of § 3582(c)(2) is permissive and not mandatory). In view of the facts concerning Bridgewater's offense conduct, the district court decided that Bridgewater's initial sentence was appropriate in consideration of all the § 3553(a) factors. (DE 49.) Thus, any purported error identified by Bridgewater is harmless and

is not grounds for reversing the district court's decision.  *Moore*, 582 F.3d at 645; *see also United States v. Vandeberg*, 201 F.3d 805, 812 (6th Cir. 2000) (holding that remand is inappropriate if "the appellate court is convinced that the trial court would have imposed the same sentence absent [its] misinterpretation of the guideline" (citation and internal quotation marks omitted)).

## III.

For the foregoing reasons, we affirm the district court's decision.