**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0465n.06

No. 09-5336

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Aug 02, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| **Plaintiff–Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF KENTUCKY |
| JAMES D. KNOX, III, | ) | |
| | ) | **O P I N I O N** |
| **Defendant–Appellant.** | ) | |
| _____ | ) | |

**Before:  BOGGS, SILER, and MOORE, Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.**  James D. Knox, III, appeals the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c), which allows for the modification of a term of imprisonment that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c). The district court concluded that Knox was ineligible for a sentence reduction based on recent amendments to the crack-cocaine Guideline because Knox was sentenced as a career offender.  For the following reasons, we **AFFIRM** the judgment of the district court.

On June 26, 2006, Knox entered a plea agreement pursuant to Federal Rule of Criminal Procedure 11 in which he pleaded guilty to (1) one count of conspiracy to possess with the intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. § 846 and § 841(b)(1)(B)(iii); (2) two counts of possession with the intent to distribute crack cocaine in

violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C); (3) one count of aiding and abetting in the possession with the intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(B)(iii), and 18 U.S.C. § 2; and (4) one count of aiding and abetting in the possession with the intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(D), and 18 U.S.C. § 2. Under the relevant terms of the plea agreement, the Government agreed to "recommend a sentence of imprisonment at the lowest end of the applicable Guideline Range, but not less than any mandatory minimum" and to "not oppose a reduction of 3 levels below the otherwise applicable Guideline for 'acceptance of responsibility.'" Dist. Ct. Docket ("Doc.") 61 at 4 (Plea Agreement).

According to the Presentence Investigation Report ("PSR"), which used the 2005 edition of the U.S. Sentencing Guidelines Manual, Knox's base offense level under U.S.S.G. § 2D1.1(a)(3) was twenty-six, and with an additional two-level enhancement for the possession of a firearm, Knox's adjusted offense level was twenty-eight. Following a three-level reduction for acceptance of responsibility, Knox's total offense level was twenty-five. Notwithstanding this calculation, however, because Knox was classified as a career offender pursuant to U.S.S.G. § 4B1.1 and the Government had filed notice to seek an enhanced sentence under 21 U.S.C. § 851, the PSR calculated Knox's base offense level at thirty-seven. Subtracting three levels for acceptance of responsibility, Knox's total offense level then became thirty-four. Given Knox's status as a career offender, his Criminal History Category was VI, and based on these calculations, the resulting recommended Guidelines range was 262 to 327 months' imprisonment.

2

Prior to sentencing, the Government moved to withdraw its notice of intent to seek an enhanced sentence under 21 U.S.C. § 851, and Knox's base offense level under the career-offender Guideline was thus reduced to thirty-four. Again, with acceptance of responsibility, Knox's total offense level was further lowered to thirty-one. Although his Criminal History Category remained unaffected because of his career-offender status, Knox's Guideline range was now 188 to 235 months' imprisonment. The district court ultimately sentenced Knox to 188 months, and Knox did not appeal his conviction or sentence.

Following the imposition of Knox's sentence, the Sentencing Commission adopted Amendment 706 to the U.S. Sentencing Guidelines, which lowered the base offense level of most crack-cocaine-based offenses sentenced pursuant to U.S.S.G. § 2D1.1 by two levels. *United States v. Bridgewater*, 606 F.3d 258, 260 (6th Cir. 2010). Knox thereafter filed a pro se motion for a reduction in his sentence based on Amendment 706. "In general, a court may not change or modify a sentence unless such authority is expressly granted by statute." *Id.* at 260 (citing *United States v. Houston*, 529 F.3d 743, 748 (6th Cir. 2008)). "One such authorized exception" to the general rule is found in 18 U.S.C. § 3582(c)(2), which authorizes a district court to reduce a defendant's sentence when the sentence was "'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,'" *Bridgewater*, 606 F.3d at 260 (quoting 18 U.S.C. § 3582(c)(2)), and it was this provision upon which Knox relied.

The district court denied Knox's pro se motion without prejudice, appointed counsel for Knox, and ordered the Probation Office to file a Memorandum of Recalculation ("MOR"). The

MOR indicated that despite Amendment 706, Knox's total offense level remained at thirty-one because he had been sentenced under the career-offender Guideline, U.S.S.G. § 4B1.1, as opposed to the crack-cocaine Guideline, U.S.S.G. § 2D1.1. The district court agreed with the MOR's conclusions and denied Knox's motion for a sentence reduction under § 3582(c), concluding:

> In this case, the crack cocaine amendment reduces the defendant's base offense level for his drug convictions, but it does not have the effect of lowering his ultimate guideline range for imprisonment because his sentencing range is controlled by his status as a career offender under operation of Section 4B1.1 of the Guidelines. Therefore, a reduction in sentence is not authorized under 18 USC § 3582(c)(2).

Doc. 92 (Dist Ct. Order 2/18/09). Knox timely appealed the district court's denial of his motion.

On appeal, Knox makes several arguments in an attempt to persuade us that the district court erred in concluding that he was ineligible for a sentencing reduction under 18 U.S.C. § 3582(c). He claims that because the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), made the Guidelines advisory, the district court erred in concluding that whether Knox was entitled to a sentence reduction was dictated by the Guidelines. He further asserts that his status as a career offender did not render him ineligible to receive the benefit of the amendment to the crack-cocaine Guideline because, despite being a career offender, his sentence was actually based on a sentencing range that was subsequently lowered. This argument depends upon the validity of his assertion that the career-offender Guideline did not form the "basis" of his sentence and instead amounted merely to a sentencing enhancement. Knox also claims that the rule of lenity applies because the Guidelines do not make it unambiguously clear that career offenders are ineligible for relief under Amendment 706.

Knox's arguments, though articulate, are entirely foreclosed by *United States v. Perdue*, 572 F.3d 288 (6th Cir. 2009), *cert. denied*, 130 S. Ct. 1537 (2010), and its progeny. In *Perdue*, a panel of this court held that a defendant sentenced as a career offender under U.S.S.G. § 4B1.1 is ineligible for a reduction under § 3582(c) based on Amendment 706. *Perdue*, 572 F.3d at 292; *see also United States v. Sheldon Williams*, 607 F.3d 1123, 1125–26 (6th Cir. 2010); *Bridgewater*, 606 F.3d at 260–61; *United States v. Gillis*, 592 F.3d 696, 699 (6th Cir. 2009); *United States v. Shawn Williams*, 367 F. App'x 578, 578 (6th Cir. 2010) (unpublished opinion); *United States v. Lockett*, 341 F. App'x 129, 130 (6th Cir. 2009) (unpublished opinion). *Perdue* explained that § 3582(c)(2) expressly limits the authorization for a sentencing reduction under its provisions to a "defendant whose sentence was 'based on' a subsequently-lowered 'sentencing range,'" and that because Amendment 706 did not change the base offense level for career offenders set forth in § 4B1.1, defendants sentenced as career offenders, such as Knox, are simply not eligible for a modification. *Perdue*, 572 F.3d at 292–93; *see also Gillis*, 592 F.3d at 699 ("In this case, the district court did not sentence [the defendant] under the crack cocaine guideline, U.S.S.G. § 2D1.1; rather, it sentenced him under U.S.S.G. § 4B1.1, the career offender guideline. Consequently, Amendment 706, which amended § 2D1.1 but not § 4B1.1, has no effect on the ultimate sentencing range imposed on [the defendant].").

Knox's *Booker*-based argument does not change the outcome. As stated in *Perdue* and since reiterated in several cases, "[e]ven assuming . . . that the Sentencing Commission has no authority to limit the district court's ability to reduce [a defendant's] sentence, *Congress* may certainly cabin the court's discretion, and it does so expressly in the text of 18 U.S.C. § 3582(c)(2)." *Perdue*, 572

F.3d at 292; *see also Shawn Williams*, 367 F. App'x at 679; *Lockett*, 341 F. App'x at 130–31. In other words, *Booker* does not create a basis for a sentencing reduction that is not otherwise permissible under § 3582(c). Knox makes no attempt to distinguish *Perdue* and, in fact, he acknowledges that the entirety of his argument is premised on the Sixth Circuit's abandonment of *Perdue*'s reasoning. As one panel of this court is without the authority to overrule binding precedent under the instant circumstances, we conclude that § 3582(c)(2) does not authorize a reduction in Knox's sentence, and the whole of Knox's arguments to the contrary are without merit. For these reasons, we **AFFIRM**.