**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0473n.06

**No. 09-5383**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Aug 03, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF KENTUCKY |
| | ) | |
| FRANKLIN DELANO JENKINS, | ) | |
| | ) | **O P I N I O N** |
| Defendant-Appellant. | ) | |
| _____ | ) | |

**Before:  GILMAN and WHITE, Circuit Judges; and WATSON, District Judge.**[*]

**MICHAEL H. WATSON, District Judge.**  Defendant Franklin Jenkins appeals the district court's order denying a reduction in a crack cocaine sentence pursuant to 18 U.S.C. § 3582(c)(2), which permits modification of a term of imprisonment that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  The district court denied the sentence reduction under Amendment 706 to the United States Sentencing Guidelines ("U.S.S.G."), which effectively reduced cocaine base offense levels by two levels, because the district court

---

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

concluded that Jenkins was ineligible for a sentence reduction as a career offender.[1] For the following reasons, we **AFFIRM** the district court's decision.

## I.

On March 4, 1997, Jenkins was indicted on three counts: conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (Count One); distribution of less than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count Two); and possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count Three). Pursuant to a Rule 11 plea agreement, Jenkins pleaded guilty to the three counts. FED. R. CRIM. P. 11(e)(1)(C) (now codified as FED. R. CRIM. P. 11(c)(1)(C)).

Jenkins' base offense level was 34, minus a three-level reduction for acceptance of responsibility, netting a total offense level of 31. Due to Jenkins' status as a career offender, pursuant to U.S.S.G. § 4B1.1, his offense level was enhanced to 37 with a three-level reduction for acceptance of responsibility, thus netting a total offense level of 34. Jenkins' eleven criminal history points placed him in a Criminal History Category V, but again, his career offender status raised him to a Criminal History Category VI. Accordingly, Jenkins' guidelines range was 262–327 months. The district court sentenced Jenkins to a term of incarceration of 262 months on Counts One and Three concurrent with 240 months on Count Two.

In this appeal, Jenkins asserts that the district court erroneously concluded that he was ineligible for sentence modification under § 3582(c)(2) because *United States v. Booker*, 543 U.S.

---

[1] Amendment 706 lowered the offense levels in U.S.S.G. § 2D1.1(c) related to crack cocaine drug quantities. *See* U.S.S.G. § 2D1.1(c); U.S.S.G. Supp. to App. C 226–31 (2008) (Amendment 706). Amendment 706 was made retroactive on March 3, 2008. *See* U.S.S.G. Supp. to App. C 253 (2008) (Amendment 713).

220 (2005), made the Guidelines advisory, thereby making it inconsistent for sentence reductions to be dictated by the Guidelines. Jenkins acknowledges that in *United States v. Perdue*, 572 F.3d 288 (6th Cir. 2009), this Court concluded that a defendant sentenced as a career offender under § 4B1.1 is ineligible for a § 3582(c)(2) sentence reduction based on Amendment 706. *Id.* at 292–93. Jenkins, however, requests us to "hold his appeal in abeyance pending a ruling on the petition for rehearing and rehearing *en banc* in *Perdue*." (Corrected Br. for Appellant 12–13.)

In *Perdue*, the petition for en banc rehearing was denied on September 22, 2009. *Perdue*, 572 F.3d at 288, *reh'g and reh'g en banc denied*, (6th Cir. Sept. 22, 2009). Subsequently, the United States Supreme Court denied the petition for writ of certiorari. *Perdue v. United States*, 130 S. Ct. 1537 (Feb. 22, 2010). Accordingly, *Perdue* remains the controlling law in this Circuit.

In interpreting *Perdue*, this Court stated that, "because Congress expressly limited the applicability of § 3582(c)(2) to 'defendant[s] whose sentence was based on a subsequently-lowered sentencing range' and Amendment 706 did not change the base offense level for career offenders under § 4B1.1, defendants sentenced as career offenders are not eligible for sentence modification under § 3582(c)(2) and Amendment 706." *United States v. Williams*, No. 08-6299, 2010 WL 550630, at *1 (6th Cir. Feb. 17, 2010) (per curiam) (quoting *Perdue*, 572 F.3d at 292) (internal quotation marks omitted by *Williams* court) (affirming district court's denial of a sentence reduction pursuant to Amendment 706 because of the defendant's status as a career offender); *see also United States v. Gillis*, 592 F.3d 696, 700 (6th Cir. 2009) (holding that a defendant determined to be a career offender is ineligible to receive the benefits of Amendment 706); *United States v. Bridgewater*, 606 F.3d 258, 260–61 (6th Cir. 2010) (same); *United States v. Centeno*, No. 09-5347, 2010 WL 2545499, at *4 (6th Cir. June 21, 2010) (same). "*Booker* has no impact on that result. As we stated in *Perdue*,

'[e]ven assuming arguendo that the Sentencing Commission has no authority to limit the district court's ability to reduce [a defendant's] sentence, Congress may certainly cabin the court's discretion, and it does so expressly in the text of 18 U.S.C. § 3582(c)(2).'" *Williams*, 2010 WL 550630, at \*1 (quoting *Perdue*, 572 F.3d at 292).

The parties offer no new arguments not previously addressed in our numerous aforementioned decisions. Accordingly, the decision of the district court is **AFFIRMED**.