NOT RECOMMENDED FOR PUBLICATION
File Name: 16a0167n.06

No. 15-5373

**FILED**
Mar 23, 2016
DEBORAH S. HUNT, Clerk

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| BRIAN BAKER, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE:    BOGGS and ROGERS, Circuit Judges, and BERG, District Judge.[*]

ROGERS, Circuit Judge.   Brian Baker appeals his sentence for conspiring to make false statements while acquiring firearms, in violation of 18 U.S.C. § 371; making false statements while acquiring firearms, in violation of 18 U.S.C. § 922(a)(6); disposing of a firearm to a felon, in violation of 18 U.S.C. § 922(d)(1); and possessing an unregistered firearm, in violation of 26 U.S.C. § 5861(d).  R.181, at PageID# 547-48; R.144, at PageID# 430-38.  Baker argues that the district court failed to apply a relevant sentencing reduction and improperly weighed the sentencing factors.  Baker's arguments lack merit, and the district court did not abuse its discretion in sentencing Baker to seventy months in prison.

First, Baker's sentence is not procedurally unreasonable.  He argues that his sentence is procedurally unreasonable because the district court did not apply U.S.S.G. § 2X1.1(b)(2), which provides that "[i]f a conspiracy, decrease by 3 levels, unless the defendant or a co-conspirator

_____

[*] The Honorable Judge Terrence Berg, United States District Judge for the Eastern District of Michigan, sitting by designation.

completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense . . . ." Baker's Br. at 12-13. Baker agrees that the base offense level was initially properly set at 20 pursuant to U.S.S.G. § 2X1.1 (addressing conspiracies not covered by a specific offense Guideline), which in turn refers to U.S.S.G. § 2K2.1(a)(4)(B) (addressing prohibited transactions involving firearms or ammunition). Baker's Br. at 13. Contrary to his argument, U.S.S.G. § 2X1.1(b)(2) does not permit a three-level reduction in his case. This is because his pleading guilty to "making false statements while acquiring firearms" in violation of § 922(a)(6) serves as an admission that he completed all acts necessary for the successful completion of the substantive offense underlying his conspiracy conviction. Contrary to Baker's statements to the district court and in his brief on appeal, Baker's Br. at 11, the indictment to which he pleaded guilty explicitly includes the CMMG short-barreled rifle in both the § 371 conspiracy charge (Count 1) and the § 922(a)(6) substantive charge (Count 5).[1] R.144, at PageID# 432, 435 (Second Superseding Indictment, Counts 1 and 5); R.181, at PageID# 547 (pleading guilty to, *inter alia*, Counts 1 and 5 of the Second Superseding Indictment).

Second, Baker's arguments that his sentence is substantively unreasonable are not sufficient to overcome the presumption of reasonableness afforded to his bottom-of-the-

---

[1] As pointed out by the parties, Baker's Br. at 12, Government's Br. at 4, the district court appeared to have accepted Baker's statement that the CMMG short-barreled rifle was not included in the § 922(a)(6) charge, notwithstanding that the indictment explicitly includes the CMMG short-barreled rifle in Count 5. *See* R.257, at PageID# 1068. However, the district court's error affected only its calculation as to whether the application of U.S.S.G. § 2K2.1(a)(4)(B) could be justified based on the § 922(a)(6) charge. The error did not affect the district court's correct conclusion that the § 371 conspiracy charge alone was sufficient to justify U.S.S.G. § 2K2.1(a)(4)(B)'s base level of 20. Moreover, any error that the district court committed was harmless. When reviewing sentencing determinations, "harmless error may be established where the government is able to prove that none of the defendant's substantial rights have been affected by the error . . . [and where] the appellate court can determine from the record that the same sentence would be imposed on remand." *United States v. Gillis*, 592 F.3d 696, 699 (6th Cir. 2009) (internal quotation marks omitted). Here, there is no question that the same sentence would be imposed on remand because the record clearly shows that both the § 371 and § 922(a)(6) charges to which Baker pleaded guilty include the CMMG short-barreled rifle and consequently that he is not entitled to a three-level reduction under U.S.S.G. § 2X1.1(b)(2); therefore, Baker's total offense level would remain at 25. *See* R.257, at PageID# 1069.

Guidelines-range sentence. Although within-Guidelines sentences are presumptively reasonable, *United States v. Vonner*, 516 F.3d 382, 389-90 (6th Cir. 2008) (en banc), such sentences may nonetheless be substantively unreasonable if the district court "selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor," *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008) (citation omitted). In arguing that his sentence was unreasonable, Baker relies on the fact that one of his co-conspirators received a lower sentence, and contends that the district court failed to consider the close familial relationship between him and his co-conspirator, that Baker did not engage in criminal activity for pecuniary gain, that one of the Government's statements biased the district court against him, that the district court improperly considered his criminal history, and that U.S.S.G. § 2K2.1(b)(5)'s four-level "trafficking of firearms" enhancement resulted in double punishment.

Baker's arguments are unavailing. District courts are not required to consider sentence disparities with respect to co-defendants, *United States v. Walls*, 546 F.3d 728, 737 n.3 (6th Cir. 2008) (citation omitted), and Baker's argument that the district court abused its discretion by imposing a longer sentence than that which his co-conspirator received therefore lacks merit. Next, contrary to Baker's claims, the district court did consider his arguments for a downward variance due to the lack of pecuniary motivation for his crimes and his familial relationship with his co-conspirator. R.257, at PageID# 1087, 1094-95. The district court carefully weighed the arguments made by Baker and the Government, but ultimately rejected Baker's view because "[p]roviding guns to felons no matter what the relationship is troubling." R.257, at PageID# at 1087. Arguments that "ultimately boil[] down to an assertion that the district court should have balanced the § 3553(a) factors differently" are beyond the scope of our appellate review. *United*

*States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008) (citing *United States v. Ely*, 486 F.3d 399, 404 (6th Cir. 2006)). While Baker may not agree with it, the district court's conclusion was not an unreasonable balancing of the § 3553(a) factors. Further, Baker's claim that the Government's comparison of him to the Sandy Hook Elementary School shooter biased the district court is unfounded; there is nothing in the record that suggests that the Government's statements affected the district court's decision in any way. *See* R.257, at PageID# 1091.

Additionally, Baker's argument that the district court improperly included his 1999 DUI conviction in his criminal history "in a way that grouped him with defendants who have two prior felony convictions," Baker's Br. at 16-17, is confusing because the Presentence Report assigned zero points for the DUI conviction. R.251, at 950 ¶ 31. Moreover, while the district court did not minimize the seriousness of DUI convictions, the district court stated that it did not view the DUI conviction as constituting "significant criminal history" because DUIs "can be traced to substance abuse." R.257, at PageID# 1096-97. Finally, Baker's argument regarding U.S.S.G. § 2K2.1(b)(5) fails. He admits that U.S.S.G. § 2K2.1(b)(5) applies to his case, Baker's Br. at 16; R.257, at PageID# 1033, but nonetheless contends that the district court should have used 18 U.S.C. § 3553(a) to address the "unintended double punishment" he claims he received due to the application of U.S.S.G. § 2K2.1(b)(5) in addition to U.S.S.G. § 2K2.1(a)(6) and U.S.S.G. § 2K2.1(b)(1)(B). *See* Baker's Br. at 16. It was not unreasonable for the district court to refuse a downward variance when U.S.S.G. § 2K2.1(b)(5) plainly applies to his case. Baker's argument is nothing more than a contention that the district court should have weighed the § 3553(a) factors differently, and therefore lacks merit.

For the foregoing reasons, the sentence imposed by the district court is affirmed.