NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0043n.06

No. 21-5004

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Jan 25, 2022
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | ON APPEAL FROM THE UNITED |
| v. ) | STATES DISTRICT COURT FOR |
| ) | THE EASTERN DISTRICT OF |
| ANTONIO BURNS, ) | KENTUCKY |
| ) | |
| Defendant-Appellant. ) | |
| ) | |

Before: ROGERS, WHITE, and STRANCH, Circuit Judges.

PER CURIAM. Antonio Burns appeals the district court's amended judgment entered upon his resentencing following our remand. As set forth below, we **AFFIRM**.

In 2000, a jury convicted Burns of engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848 (Count 1); conspiring to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (Count 2); using a communication facility to facilitate a drug trafficking crime, in violation of 21 U.S.C. § 843(b) (Counts 5, 6, and 7); attempting to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (Count 8); and attempting to corruptly persuade and influence a witness in an official proceeding, in violation of 18 U.S.C. § 1512(b)(1) (Count 9). Upon the government's motion, the district court dismissed Count 2. The district court sentenced Burns to concurrent terms of life imprisonment on Counts 1 and 8 and lesser concurrent prison terms on the remaining counts but did not impose a term of supervised

release on any count. We affirmed Burns's convictions and sentence. *United States v. Burns*, 298 F.3d 523 (6th Cir. 2002).

In 2015, the district court granted Burns's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the sentencing guidelines and reduced his sentence from life to 360 months of imprisonment. Again, the district court did not impose a term of supervised release.

In 2019, Burns filed a motion to alter or amend the district court's judgment pursuant to Federal Rule of Civil Procedure 59(e), asserting in relevant part that the district court failed to include a term of supervised release on Count 8, the attempted possession count, as required by statute. Burns explained in a subsequent letter that eligibility for an early release program required a term of supervised release. Burns also moved for a sentence reduction under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. The district court denied Burns's motion for a sentence reduction, concluding that he was not eligible for relief under the First Step Act. *United States v. Burns*, No. 2:99-cr-00003 (E.D. Ky. Feb. 19, 2019) (order). The district court granted Burns's motion to alter or amend in part and amended its judgment to include a five-year term of supervised release on Count 8. *Id*. (amended order).

Burns appealed the district court's order. On appeal, the government conceded error and moved to remand the case for a resentencing hearing on Count 8, agreeing that Burns was eligible for a sentence reduction under the First Step Act on Count 8 and that the district court erred by adding a term of supervised release on Count 8 without conducting a resentencing hearing. We vacated the district court's order, granted the government's motion, and remanded the case "for further proceedings and for reconsideration in view of *United States v. Boulding*, 960 F.3d 774 (6th Cir. 2020)." *United States v. Burns*, No. 19-5222 (6th Cir. Aug. 21, 2020) (order).

On remand, the original sentencing judge recused himself, and the case was reassigned. Burns requested that the district court grant a downward variance to a sentence of time served and impose a five-year term of supervised release. The government responded that Burns was entitled to resentencing on Count 8 only and that the district court should impose a six-year term of supervised release. At the resentencing hearing held on December 17, 2020, the district court declined to revisit Burns's 360-month prison term on Count 1, reduced his prison term on Count 8 to 240 months, and imposed a six-year term of supervised release on Count 8 and lesser concurrent terms of supervised release on the other counts. The district court denied Burns's post-judgment motion objecting to the supervised release terms, citing lack of jurisdiction because an appeal had already been docketed in our court. However, the district noted that it would have denied the motions on the merits in any event. *United States v. Burns*, No. 2:99-cr-00003, 2021 WL 141688 (E.D. Ky. Jan. 14, 2021).

On appeal, Burns raises the following arguments: (1) the district court erred in failing to hold a plenary resentencing hearing after our general remand, (2) the district court engaged in vindictive resentencing by increasing his term of supervised release on Count 8 from five to six years and adding terms of supervised release on the other counts, and (3) his case should be remanded to a different judge.

We review de novo the scope of our remand—whether general or limited. *United States v. McFalls*, 675 F.3d 599, 604 (6th Cir. 2012). "A general remand effectively wipes the slate clean" and "gives the district court authority to redo the entire sentencing process." *Id.* at 606. "Limited remands explicitly outline the issues to be addressed by the district court and create a narrow framework within which the district court must operate." *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999). Courts presume that a remand is general. *United States v. Richardson*, 948 F.3d 733, 738 (6th Cir. 2020) "To overcome the presumption that a remand is

general, we must 'convey clearly our intent to limit the scope of the district court's review with language that is in effect, unmistakable.'" *Id.* (quoting *United States v. Woodside*, 895 F.3d 894, 899 (6th Cir. 2018)).

Burns argues that we issued a general remand and that the district court therefore erred in failing to conduct a plenary resentencing hearing. We agree that our order lacked "unmistakable" language limiting the scope of Burns's resentencing: "This case is **REMANDED** to the district court for further proceedings and for reconsideration in view of *United States v. Boulding*, 960 F.3d 774 (6th Cir. 2020)." But the district court's error in interpreting the scope of our remand was harmless. "Sentencing errors are harmless where this court is convinced that the 'error at sentencing did not cause the defendant to receive a more severe sentence' than would have existed without the error." *United States v. Davis*, 751 F.3d 769, 773 (6th Cir. 2014) (quoting *United States v. Gillis*, 592 F.3d 696, 699 (6th Cir. 2009)). According to Burns, the district court erred in refusing to revisit his 360-month prison term on Count 1, the continuing criminal enterprise count. Although the district court believed that its resentencing authority was limited to applying the First Step Act to Count 8 and imposing supervised release, the district court made the alternative finding that, upon plenary resentencing, it would impose a sentence of 384 months of imprisonment on Count 1 based on the sentencing factors under 18 U.S.C. § 3553(a). The district court instead reimposed the 360-month prison term on Count 1 and stated that a lower sentence "would seriously diminish the seriousness of that conduct and not provide appropriate punishment." As the district court made clear, its failure to conduct a plenary resentencing did not result in a more severe sentence on Count 1.

While the district court erred in failing to recognize that the scope of the remand was not limited to Count 8, the court explained in detail that even if it had authority to reduce the sentence on Count 1, it would not do so based on the nature and circumstances of the offense, as well as

Burns's criminal history. We acknowledge, as the district court did at the hearing, the significant progress, rehabilitation, and job training Burns accomplished while incarcerated. But in determining the weight to be given to Burns's admirable growth while incarcerated, we must defer to the district court's calculus and extensive discussion of why it would have imposed a harsher sentence on Count 1 if it were to resentence Burns. Accordingly, any error in failing to lower Burns's sentence on Count 1 is harmless.

Burns also argues that the district court engaged in vindictive resentencing by increasing his term of supervised release on Count 8 from five to six years and adding terms of supervised release on the other counts. As Burns asserts, there is "a presumption of vindictiveness if a sentence after a remand is longer than the original sentence." *United States v. Mullet*, 822 F.3d 842, 852 (6th Cir. 2016) (citing *North Carolina v. Pearce*, 395 U.S. 711, 723-26 (1969)). But this presumption does not apply "where a *different* judge imposes a sentence after appeal." *McFalls*, 675 F.3d at 607. "When there is no presumption of vindictiveness, the defendant must show actual vindictiveness." *Id*. After our remand, the original sentencing judge recused himself, and a different judge conducted the resentencing hearing. No presumption of vindictiveness arises, and Burns has not made a showing of actual vindictiveness. The district court explained why the § 3553(a) factors justified a six-year term of supervised release on Count 8 and reasonably imposed lesser concurrent terms of supervised release on the other counts.

Finally, because remand is not warranted, we need not address Burns's argument that his case should be remanded to a different judge.

For these reasons, we **AFFIRM** the district court's amended judgment.