UNITED STATES of America,
Plaintiff–Appellee,

v.

Kodey J. ALLEN, Defendant–Appellant.

No. 02–6164.

United States Court of Appeals,
Sixth Circuit.

Oct. 21, 2003.

Charles P. Wisdom, Jr., Asst. U.S. Attorney, Kevin C. Dicken, Asst. U.S. Attorney, Lexington, KY, for Plaintiff–Appellee.

Patrick F. Nash, Lexington, KY, for Defendant–Appellant.

Before DAUGHTREY and GILMAN, Circuit Judges; and HAYNES, District Judge.*

## ORDER

Kodey J. Allen was convicted of possessing cocaine base for intended distribution, carrying a firearm during and in relation to a drug-trafficking crime, and possessing a firearm in furtherance of such a crime. *See* 18 U.S.C. § 924(c); 21 U.S.C. § 841(a)(1). On September 13, 2002, he was sentenced to 202 months of imprisonment and five years of supervised release. It is from this judgment that Allen now appeals. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Allen now summarizes the basic evidence that was submitted against him as follows:

> Mr. Allen was sitting in his car in the parking lot of local bar.... Once Mr. Allen was approached [by police officers], it was determined that he had an outstanding warrant on an unrelated state charge and therefore he was instructed to exit his vehicle for purposes of arrest. As Mr. Allen exited the vehicle, one of the two police officers who testified at trial (Officer Derek Brooks) stated that Mr. Allen dropped a bag containing a white substance onto the ground.... A forensic drug chemist tested the bag at issue and testified that the substance contained therein was cocaine base. After Mr. Allen was placed under arrest, a search of the vehicle in which he had been sitting revealed the presence of a handgun under the driver's seat.

(Appellant's Brief, pp. 4–5) (record citations omitted).

Allen first argues that the district court improperly allowed the government to elicit testimony from an arresting officer which indicated that Allen had been the subject of an outstanding warrant on an unrelated state charge at the time of his arrest. The district court did not abuse its discretion by allowing this testimony because it provided background information that was "necessary to complete the story of the charged offense." *United States v. Hardy,* 228 F.3d 745, 748 (6th Cir.2000); *accord United States v. Roberts,* 548 F.2d 665, 667 (6th Cir.1977). In this regard, we note that the disputed testimony was necessary to explain the arresting officers' decision to remove Allen from his car, at which point he dropped the bag of cocaine base.

Allen next argues that the court should have prevented a police detective from testifying that the possession of twenty-eight grams of cocaine base, a firearm, and a large amount of money was consistent with drug trafficking, rather than personal use. However, Allen did not challenge the detective's qualifications to testify as an expert, and the court did not abuse its discretion by allowing him to testify on this general issue. *See United States v. Bender,* 265 F.3d 464, 471–72 (6th Cir.2001); *United States v. Harris,* 192 F.3d 580, 583, 588–89 (6th Cir.1999).

Allen argues that the government improperly cross-examined his mother, after she testified that she had given him the money that he was carrying at the time of his arrest to buy a car. In particular, he

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

notes that the government asked whether she had been convicted of a prior felony and that she responded by stating that she had been convicted of a felony offense for trafficking in a controlled substance. Upon further questioning, she indicated that her conviction had involved seven grams of powdered cocaine. This testimony was admissible under Fed.R.Evid. 609(a), because the witness's prior conviction for a similar drug offense was probative of her credibility at Allen's trial. Hence, the court did not abuse its discretion by allowing the government to question Allen's mother about her prior felony conviction. *See Bender*, 265 F.3d at 471; *United States v. Gaitan–Acevedo*, 148 F.3d 577, 591–92 (6th Cir.1998).

We also note that the court mitigated any prejudice that Allen may have suffered from any of its alleged evidentiary errors, by giving appropriate limiting instructions to the jury. *See Bender*, 265 F.3d at 471; *Gaitan–Acevedo*, 148 F.3d at 592.

 Finally, Allen argues that the district court erred by refusing to instruct the jury that the mere presence of the firearm in the area of a drug trafficking offense is not sufficient to sustain a conviction under 18 U.S.C. § 924(c). "We review jury instructions as a whole to determine whether they fairly and adequately submitted the issues and applicable law to the jury." *United States v. Williams*, 952 F.2d 1504, 1512 (6th Cir.1991). The court commits reversible error by refusing to give a jury instruction only if the requested "instruction is (1) a correct statement of the law, (2) not substantially covered by the charge actually delivered to the jury, and (3) concerns a point so important in the trial that the failure to give it substantially impairs the defendant's defense." *Id.*

In the instant case, the court charged the jury in pertinent part as follows:

Count 2 of the indictment charges that the defendant did knowingly carry or possess a weapon during and in relation to the drug trafficking crime set out in Count 1, and did in furtherance of said drug trafficking crime carry or possess a firearm in violation of federal law. For you to find the defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the defendant committed the crime charged in Count 1; and Second, that

(1) the defendant did knowingly carry a firearm during and in relation to the crime charged in Count 1, *OR*

(3) the defendant did knowingly possess a firearm in furtherance of the commission of the crime charged in Count 1.

. . . .

To prove the defendant possessed a firearm "in furtherance," the government must prove that the defendant possessed a firearm that furthered, advanced, or helped forward the drug trafficking crime. Factors to consider include whether the firearm was strategically located so that it was quickly and easily available for use, whether the gun was loaded, the type of weapon, the legality of its possession, the type of drug activity conducted, and the time and circumstances under which the firearm was found. . . .

This instruction was acceptable because it fairly and adequately presented the issues and the applicable law to the jury. *See United States v. Mackey*, 265 F.3d 457, 462 (6th Cir.2001). Allen's argument is also unavailing because the jury issued a special verdict that plainly indicated its finding that he had also "carried a firearm during and in relation to a drug trafficking offense." Thus, he was not actually preju-

diced by the rejection of his proffered instruction on mere possession.

Accordingly, the district court's judgment is affirmed.