*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 10a0212p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

  *Plaintiff-Appellee,*

  *v.*

KODEY J. ALLEN,

  *Defendant-Appellant.*

> No. 09-5178

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 02-00060-001—Karl S. Forester, District Judge.

Decided and Filed: July 22, 2010

Before: SILER and CLAY, Circuit Judges; GRAHAM, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** Patrick F. Nash, LAW OFFICES, Lexington, Kentucky, for Appellant. Charles P. Wisdom, Jr., John Patrick Grant, ASSISTANT UNITED STATES ATTORNEYS, Lexington, Kentucky, for Appellee.

_____

## OPINION

_____

  GRAHAM, District Judge.  Defendant-appellant Kodey J. Allen (hereinafter "Defendant"), appeals the district court's decision denying, in part, his motion to reduce and modify his sentence under 18 U.S.C. § 3582(c)(2).  On February 6, 2009, Defendant appeared before the district court for resentencing pursuant to § 3582(c)(2) as a result of a retroactive amendment to the United States Sentencing Guidelines ("U.S.S.G.")

---

  [*] The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

which reduced the sentencing range applicable to cocaine base offenses. *See* U.S.S.G. Supp.App. C, Amends. 706 and 713. At the hearing, Defendant argued that the district court had the authority to impose a sentence below the minimum sentence of the new Guidelines range, and further that the court should conduct a full resentencing hearing and entertain objections to the sentence under *United States v. Booker*, 543 U.S. 220 (2005), which had not been raised previously. The district court held that it lacked the authority to impose a sentence below the new Guidelines range or to conduct a full resentencing hearing. Defendant now challenges these rulings on appeal. Based upon our own precedent and the recent decision rendered by the United States Supreme Court in *Dillon v. United States*, ___ U.S. ___, 2010 WL 2400109 (June 17, 2010), we affirm the judgment of the district court.

## I. BACKGROUND

Defendant was arrested on an outstanding warrant on February 24, 2002. During his encounter with the police, Defendant threw a plastic bag on the ground which was found to contain approximately 28.56 grams of cocaine base. A loaded handgun was found under the driver's seat of defendant's vehicle. Defendant was subsequently charged by indictment filed on April 4, 2002, in the United States District Court for the Eastern District of Kentucky, with one count of possession with intent to distribute over five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count 1), one count of carrying a firearm during and in relation to a drug trafficking offense and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count 2), and a forfeiture count under 21 U.S.C. § 853 (Count 3). On July 2, 2002, a jury found Defendant guilty on Counts 1 and 2, and noted on the verdict form that the drug offense in Count 1 involved five grams or more of a mixture of substance containing a detectable amount of cocaine base.

The probation officer determined that the quantity of cocaine base attributable to Defendant as relevant conduct was 28.56 grams. This quantity of drugs, combined with a criminal history category of V, yielded a Guidelines sentencing range of 130-162 months on Count 1. Count 2 carried a mandatory consecutive term of 60 months. The

presence report indicates that Defendant raised no objection to these calculations. On September 13, 2002, Defendant was sentenced to a term of incarceration of 142 months on Count 1 and to a consecutive term of 60 months incarceration on Count 2, resulting in a total term of imprisonment of 202 months. Defendant pursued a direct appeal, and his conviction was affirmed. *See United States v. Allen*, 79 Fed.Appx. 745 (6th Cir. 2003). Defendant raised no objections to his sentence on direct appeal.

By way of a probation report dated February 15, 2008, the district judge was informed that Defendant was eligible for a reduction in sentence pursuant to § 3582(c)(2) and U.S.S.G. Amendments 706 and 713, which retroactively lowered the Guidelines range contained in U.S.S.G. § 2D1.1, as applied to cocaine base offenses, by two offense levels. Based on the reduction from a total offense level of 28 to a total offense level of 26, Defendant's new Guidelines range was calculated as being 110-137 months on Count 1. The probation officer recommended a reduced sentence of 120 months on Count 1.

On March 6, 2008, the district court entered an amended judgment reducing Defendant's sentence of imprisonment on Count 1 to 120 months. Defendant filed an appeal from that judgment to this court, arguing that he was denied the opportunity to present sentencing arguments to the district court. On joint motion of the parties, the sentence was vacated, and by order of this court filed on November 5, 2008, the case was remanded to the district court for resentencing.

The district court held a sentencing hearing on February 6, 2009. Defendant objected to the imposition of a sentence based on the drug quantity of 28.56 grams of cocaine base, which exceeded the minimum amount of drugs (5 grams) specifically found by the jury on the verdict form. Defendant also sought a variance below the amended Guidelines range, arguing that pursuant to *United States v. Booker*, 543 U.S. 220 (2005), the district court had the authority to treat the Guidelines as advisory and to consider the sentencing factors in 18 U.S.C. § 3553(a) in imposing a sentence below the minimum of the new Guidelines range.

The district court concluded that U.S.S.G. § 1B1.10(b)(2)(A) did not authorize a reduction of Defendant's sentence below the minimum of the new Guidelines range.

The district court found that *Booker* did not authorize the court to conduct a full resentencing hearing or to impose a sentence below the minimum of the new Guidelines range.[1]   The district court entered judgment imposing an amended sentence of 120 months incarceration on Count 1, to be followed by a consecutive term of incarceration of 60 months on Count 2.  Defendant filed the instant appeal from that judgment.

## II. STANDARD OF REVIEW

Where a district court concludes that it lacks authority to reduce a defendant's sentence under § 3582(c)(2), the district court's determination is a question of law that is reviewed *de novo*.  *United States v. Johnson*, 569 F.3d 619, 623 (6th Cir. 2009). Review of the sentencing court's interpretation of statutes is also reviewed *de novo*. *United States v. Washington*, 584 F.3d 693, 695 (6th Cir. 2009).

## III. ANALYSIS

### A. New sentence within amended Guidelines range

Defendant argues that the district court erred in concluding that it lacked the authority to impose a sentence below the minimum of the amended Guidelines range. He contends that the district court had the authority under § 3582(c)(2) to apply the statutory sentencing factors listed in § 3553(a) and to impose a sentence below the new Guidelines range.

A district court may modify a defendant's sentence only as provided by statute. *Washington*, 584 F.3d at 695.  A federal court generally "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c); *Dillon,* 2010 WL 2400109, at *2.  One exception is found in § 3582(c)(2), which permits a district court to modify a term of imprisonment

---

[1]In the alternative, the district court also rejected Defendant's argument that his offense level should be based on no more than five grams of cocaine base, stating that the "evidence at trial revealed that [defendant] was in possession of over 28 grams of crack cocaine, resulting in an original offense level of 28."

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*) . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

A proceeding under § 3582(c)(2) involves a two-step inquiry. *Dillon*, 2010 WL 2400109, at *6. First, the relevant Guidelines policy statement requires the court to "determine the amended guideline range that would have been applicable to the defendant" if the amendment had been in effect at the time of the original sentence, to "substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced" and to "leave all other guideline application decisions unaffected." U.S.S.G. § 1 B1.10(b)(1). The policy statement further provides that unless the original term of imprisonment imposed was less than the minimum of the range applicable to the defendant at the time of sentencing, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." U.S.S.G. § 1B1.10(b)(2)(A).

If the court determines that the defendant is eligible for a reduction under an amendment to the applicable Guidelines range, the court then proceeds to step two of the inquiry. *Dillon*, 2010 WL 2400109, at *7. Pursuant to § 3582(c)(2), the district court must consider any applicable factors in § 3553(a) and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*.

Read together, § 1 B1.10(b) and § 3582(c)(2) do not permit a sentence below the bottom of the amended Guidelines range. *See Dillon*, 2010 WL 2400109, at *6 ("Courts generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range'

produced by the substitution" of the Guidelines amendment)(quoting § 1B1.10(b)(2)(A)); *Washington*, 584 F.3d at 701 (holding that a district court is not authorized under § 3582(c)(2) to reduce a sentence below the amended Guidelines range).

Defendant argues that under *Booker*, §§ 1B1.10(b)(1) and (2) should be treated as being advisory in nature. He argues that applying § 1B1.10(b)(2)(A) as written would create a mandatory sentencing scheme which would violate *Booker* and the Sixth Amendment. This court rejected this argument in *Washington*, noting that the "constitutional infirmity that *Booker* addressed was that 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" 584 F.3d at 699 (quoting *Booker*, 543 U.S. at 227-28). Under § 3582(c)(2), a district court can only decrease a defendant's sentence. Therefore, "the statutory parameters and restrictions imposed upon judges in *reducing* otherwise valid sentences do not implicate the Sixth Amendment" and "'the constitutional defect addressed by *Booker* is simply not implicated.'" *Id.* at 699, 700 (emphasis in original)(quoting *United States v. Cunningham*, 554 F.3d 703, 707 (7th Cir. 2009)).

The position advocated by Defendant was also rejected by the Supreme Court in *Dillon*, where the Court stated that "[g]iven the limited scope and purpose of § 3582(c)(2), we conclude that proceedings under that section do not implicate the interests identified in *Booker*." *Dillon*, 2010 WL 2400109, at *7. The Court noted that proceedings under § 3582(c)(2) do not implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt because any facts found by the judge at such a proceeding only affect the judge's exercise of discretion within a prescribed range of punishment and do not serve to increase that range. *Id.* The Court also declined to hold that § 1B1.10(b)(2)'s instruction not to depart from the amended Guidelines range at § 3582(c)(2) proceedings was advisory, noting that by enacting 28 U.S.C. § 994(u), Congress gave the United States Sentencing Commission the authority to determine "'in what circumstances and by what amount' the sentences of

prisoners affected by Guidelines amendments 'may be reduced.'"  *Id.* at *8 (quoting 28 U.S.C. § 944(u)).

In the instant case, Amendment 706 is listed in U.S.S.G. § 1B1.10(c) as an amendment which qualifies for retroactive application.  *See* § 1B1.10(c).  The district court correctly applied the two-level reduction permitted under Amendment 706 and arrived at a new total offense level of 26, with a Guidelines sentencing range of 110-137 months on Count 1.  The district court did not err in concluding that it lacked the authority to impose a sentence outside this amended Guidelines range.

**B. Attack on original sentence.**

Defendant also argues that the district court erred in calculating his reduced sentence using the Guidelines range applied at the original 2002 sentencing hearing.  Defendant contends that because the original range was based on a quantity of drugs, between 20 and 35 grams, which was found by the court to constitute relevant conduct, rather than the minimum quantity of 5 grams noted by the jury on the verdict form, his sentence violated *Booker*.  He argues that his reduced sentence should have been based upon the offense level applicable to 5 grams of cocaine base.

This attack is outside the scope of a resentencing proceeding under § 3582(c)(2).  That section authorizes a reduction in sentence only if it "is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2).  The Guidelines state that in reducing a term of imprisonment under § 3582(c)(2), "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."  § 1B1.10(b)(1).

As this court held in *Washington*, "[t]he policy statements plainly provide that § 3582(c)(2) proceedings are not full resentencings and may not result in a sentence lower than the amended Guidelines range (unless the defendant's original sentence was lower than the Guidelines range)." 584 F.3d at 700 (citing § 1B1.10(b)(2)(A)-(B)).  The Supreme Court in *Dillon* rejected the argument that the district court erred in failing to

correct two mistakes in the original sentence which were not affected by the amendment to § 2D1.1. *Dillon*, 2010 WL 2400109, at *9. The Court held that "[b]y its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding." *Id.* at *5. "Instead, it permits a sentence reduction within the narrow bounds established by the Commission." *Id.* at *9. The text of § 3582(c)(2), "together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Id*. at *5. The Court further noted that the fact that § 3582(c)(2) instructs the district court, "at the second step of this circumscribed inquiry," to consider any applicable § 3553(a) factors in determining whether to grant a reduction which is authorized by § 1 B1.10(b) "cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings." *Id.* at *7.

Defendant's argument attacking the district court's drug quantity findings made at the 2002 sentencing hearing was beyond the scope of the sentence reduction proceedings under § 3582(c)(2). The district court correctly found that it did not have the authority to conduct a full resentencing hearing.[2]

## IV. CONCLUSION

The district court properly concluded that it lacked the authority in proceedings under § 3582(c)(2) to sentence Defendant below the bottom of the amended Guidelines range or to entertain a challenge under *Booker* to the district court's calculation of the original Guidelines range. For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[2]Even if Defendant's argument is construed as a petition under 28 U.S.C. § 2255, the district court could not have granted the relief sought. *Booker* is not retroactively applicable to cases on collateral review. *United States v. Carter*, 500 F.3d 486, 491 (6th Cir. 2007). In addition, the fact that the district court computed Defendant's original sentence using a different quantity of drugs than that specifically found by the jury did not violate the Sixth Amendment, as applied in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the resultant sentence of 142 months was below 40 years, the prescribed statutory maximum for the quantity of drugs actually found by the jury. *United States v. Solorio*, 337 F.3d 580, 597 (6th Cir. 2003).