RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 10a0219p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

—————————————

UNITED STATES OF AMERICA,

        *Plaintiff-Appellant,*

    *v.*

No. 09-5090

GREGORY STEVEN HORN,

        *Defendant-Appellee.*

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 01-00142-001—Thomas A. Wiseman, Jr., District Judge.

Argued: June 16, 2010

Decided and Filed: July 26, 2010

Before: CLAY, ROGERS, and COOK, Circuit Judges.

—————————————

**COUNSEL**

**ARGUED:** Harold B. McDonough, Jr., ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellant. Michael C. Holley, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Nashville, Tennessee, for Appellee. **ON BRIEF:** Harold B. McDonough, Jr., ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellant. Michael C. Holley, C. Douglas Thoresen, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Nashville, Tennessee, for Appellee. Mark Osler, BAYLOR LAW SCHOOL, Waco, Texas, for Amici Curiae.

—————————————

**OPINION**

—————————————

ROGERS, Circuit Judge. Gregory Steven Horn pled guilty in 2001 to armed bank robbery. He received a 204-month sentence based on the district court's determination that he was a career offender. In 2008, Horn filed a motion for resentencing based on Guidelines Amendment 709, arguing that he was not a career offender under the amendment because his two prior robbery convictions would no longer count as separate offenses. The

1

Sentencing Commission has declined to designate Amendment 709 for retroactive application. The district court nevertheless granted Horn's motion for resentencing, concluding that, both as a matter of statutory construction and as an application of *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Commission's designation of amendments as non-retroactive does not bind district courts. The Government now appeals, arguing that under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, the district court lacked the authority to apply Amendment 709 retroactively. Because, under the provisions identified by the Government, the Sentencing Commission's retroactivity determinations control whether a defendant may be resentenced based on a subsequent Guidelines amendment, the district court lacked the authority to resentence Horn.

In September 2001, Gregory Steven Horn entered a SunTrust Bank branch in Nashville, Tennessee, and forced his way to the bank counter. Horn drew a handgun, pointed it toward the teller's head, and demanded money. The teller complied with Horn's demand but included a dye pack and bait bills in the money provided to Horn. Horn departed the bank in a maroon vehicle. A short time later, police officers discovered Horn and the vehicle at a nearby gas station. When the officers approached Horn, Horn ignored their commands to stop and fled in the vehicle. Horn was involved in two traffic accidents while attempting to evade the ensuing police pursuit, and he was forced to abandon the maroon vehicle after the second accident. Police officers eventually located Horn hiding under a parked truck and arrested him. The maroon vehicle contained nearly all of the stolen money, much of which was covered by the exploded dye pack. Horn pled guilty in November 2001 to armed bank robbery in violation of 18 U.S.C. § 2113(d).

The SunTrust robbery was not Horn's first crime. Most relevant to this appeal, Horn committed two armed robberies in January 1998. On January 6, Horn and an accomplice robbed the manager of a Giant Food Store at gunpoint in Anne Arundel County, Maryland. On January 26, Horn, acting alone, robbed a man in Glen Burnie, Maryland. Police officers arrested Horn on January 27. The state charged Horn separately for the two armed robberies, and the two cases were never consolidated. The state court, however, sentenced Horn on the same day for both crimes.

Because (1) Horn was at least eighteen at the time of the SunTrust robbery, (2) the robbery was a crime of violence, and (3) the two Maryland robberies were also crimes of violence, Horn was designated a career offender under the sentencing guidelines. *See* U.S.S.G. § 4B1.1. This designation increased Horn's offense level to 34, and his total offense level was 31 after an adjustment for acceptance of responsibility. The district court's designation of Horn as a career offender also increased his criminal history category to VI, resulting in a Guidelines range of 188-235 months' imprisonment. After a hearing, the district court sentenced Horn to 204 months' imprisonment. This court affirmed the sentence on appeal over Horn's challenge that the district court should not have treated the two Maryland robberies as separate offenses for purposes of U.S.S.G. § 4B1.1. *United States v. Horn*, 355 F.3d 610, 615 (6th Cir. 2004).

Effective November 1, 2007, the United States Sentencing Commission (Commission) promulgated Amendment 709, which altered the way in which the Guidelines determined whether prior crimes would be treated as single or separate offenses. *See* U.S.S.G. app. C, amend. 709. Under the amendment, multiple offenses for which sentences are imposed on the same day are counted as a single offense unless there was an intervening arrest between the offenses. *See id.*; U.S.S.G. § 4A1.2(a)(2). In Horn's case, application of the amended Guidelines would result in the two Maryland robberies' not being counted as separate offenses, and thus Horn would not be a career offender under the amended Guidelines.

In February 2008, Horn moved pro se for a modification of his sentence under Amendment 709. The district court appointed counsel for Horn, and Horn's appointed counsel filed a supplemental motion for resentencing. The Government filed a response, arguing that the district court lacked the authority to resentence Horn because the Commission had not listed Amendment 709 as having retroactive application. The district court held that the court had the authority to resentence Horn because (1) Guidelines policy statements cannot bind the discretion of district courts and (2) *Booker* rendered the entirety of the Guidelines advisory. The district court further determined that Amendment 709 ought to have been designated as retroactive, and thus that Horn was entitled to resentencing. On January 7, 2009, the district court held a resentencing hearing. The court determined that, absent the career offender classification, Horn's total offense level was 26 and his criminal

history category was IV, resulting in a Guidelines range of 92-115 months. At the conclusion of the hearing, the court reduced Horn's sentence to 108 months' imprisonment. The Government now appeals, arguing that the district court exceeded its authority by resentencing Horn.

The district court lacked the authority to resentence Horn because 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 provide that the Commission's retroactivity determinations control whether district courts may resentence defendants, and the Commission has not designated Amendment 709 for retroactive application. Under 28 U.S.C. § 994(o), the Commission "periodically shall review and revise, in consideration of comments and data coming to its attention, the guidelines promulgated pursuant to the provisions of this section." Section 994(u) specifies, "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." The controlling nature of these determinations is provided by 18 U.S.C. § 3582(c)(2), which states that courts have the authority to reduce a defendant's term of imprisonment only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The Supreme Court has interpreted these provisions as granting "the Commission the unusual explicit *power* to decide whether and to what extent its amendments reducing sentences will be given retroactive effect." *Braxton v. United States*, 500 U.S. 344, 348 (1991). In *Dillon v. United States*, 560 U.S. ___, ___, No. 09-6338, 2010 WL 2400109, at *6 (2010), the Supreme Court explained the basis for the statement in *Braxton*:

> The [Sentencing Reform Act] charges the Commission both with deciding whether to amend the Guidelines, § 994(o), and with determining whether and to what extent an amendment will be retroactive, § 994(u). A court's power under § 3582(c)(2) thus depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive.

(footnote omitted). The Commission's power to "set[] forth the amendments that justify sentence reduction" is implemented in U.S.S.G. § 1B1.10. *Braxton*, 500 U.S. at 348; *see also Dillon*, 560 U.S. at ___, 2010 WL 2400109, at *6. Section 1B1.10(a)(2)(A) states, "A

reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . [n]one of the amendments listed in subsection (c) is applicable to the defendant." Because Amendment 709 is not listed in subsection (c), the district court did not have the authority to resentence Horn.[1]

Horn resists this conclusion, arguing that neither 18 U.S.C. § 3582(c)(2) nor 28 U.S.C. § 994(u) authorizes the Commission to issue binding policy statements. Horn points to Justice Stevens's solo dissent in *Dillon*, which reveals Justice Stevens's doubts

> that Congress authorized the type of "policy statement" we find in [U.S.S.G.] § 1B1.10. Congress instructed the Commission to promulgate "general policy statements regarding application of the guidelines or any other aspect of sentencing or sentence implementation that in the view of the Commission would further the purposes set forth in section 3553(a)(2) of title 18 . . . including the appropriate use of," *inter alia*, various "sentence modification provisions." As envisioned by the Sentencing Reform Act, the role of policy statements was merely to inform the judge's exercise of discretion within an otherwise mandatory Guidelines regime. Congress reserved binding effect for the Commission's "guidelines," which the Commission was to promulgate pursuant to a distinct statutory provision, § 994(a)(1). The Sentencing Reform Act thus drew a basic distinction: Guidelines would bind; policy statements would advise.

560 U.S. at ___-___, 2010 WL 2400109, at *15 (dissenting opinion) (citations omitted). But even Justice Stevens acknowledged that this argument does not apply to the Commission's retroactivity decisions at issue in this case because "§ 994(u) authorizes the Commission to determine the retroactive effect of sentence reductions." *Id.* at ___, 2010 WL 2400109, at *17 n.8.[2]

---

[1] In a footnote in *Dillon*, the Court reserved the question of whether this delegation of authority to make retroactivity determinations raised separation-of-powers concerns, an issue that is likewise not raised in the present appeal. 560 U.S. at ___, 2010 WL 2400109, at *6 n.5.

[2] Supreme Court statements also reject Horn's argument that *Braxton* does not apply because § 994(u) does not apply to amendments, including Amendment 709, that concern a defendant's criminal history rather than a defendant's offense. Indeed, the Court has stated that § 994(u) applied to Amendment 506, which amended the same Career Offender guideline—U.S.S.G. § 4B1.1—that is at issue in this case. *United States v. LaBonte*, 520 U.S. 751, 755 (1997).

Additionally, the Supreme Court's primary holding in *Dillon* rejects Horn's contention that the limitations imposed by § 3582(c)(2) are advisory in light of *Booker*. *Id.* at ___, 2010 WL 2400109, at *7 (majority opinion).  In this respect, *Dillon* ratified this court's holding in *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009).

For these reasons, the district court lacked the authority to reduce Horn's sentence, and we **REVERSE** the judgment of the district court and **REMAND** this case for further proceedings consistent with this opinion.