RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 10a0264p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

                *Plaintiff-Appellee,*

    *v.*

TIMIKO PAYTON,

                *Defendant-Appellant.*

No. 09-3930

> Appeal from the United States District Court
> for the Northern District of Ohio at Akron.
> No. 02-00454-001—James S. Gwin, District Judge.

Decided and Filed: August 25, 2010

Before: GUY and GRIFFIN, Circuit Judges; HOOD, District Judge.[*]

_____

**COUNSEL**

**ON BRIEF:** Andy P. Hart, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Toledo, Ohio, for Appellant. Duane J. Deskins, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee.

_____

**OPINION**

_____

HOOD, Senior District Judge. Defendant/Appellant, Timiko Payton ("Payton") appeals the district court's denial of a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2). Payton's Motion was based upon amendments to § 2D1.1(c) of the U.S. Sentencing Guidelines Manual ("the guidelines"). Because the district court

---

[*] The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

determined that Payton's sentence was based upon U.S.S.G § 4B1.1, which applies to "career offenders," rather than § 2D1.1, the motion was denied.

The facts and legal arguments presented herein fail to justify any departure from this Court's established authority on this issue.

For the reasons that follow, the district court's decision is **AFFIRMED**.

## I.  Factual and Procedural Background

The facts in this case are not in dispute.  On November 6, 2002, in the United States District Court, Northern District of Ohio, an indictment was returned against Payton alleging four counts of possessing cocaine base (crack) with the intent to distribute in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B).  Count 4 specifically alleged that Payton was in possession of approximately 5.44 grams of cocaine.  Payton entered a plea to Count Four, and the remaining three counts were dismissed.

The district court relied on the Presentence Report ("PSR") to determine the applicable sentencing range pursuant to the guidelines.  The applicable version of U.S.S.G. § 2D1.1 set the base offense level at 26 and a criminal history category of VI.  Consistent with the findings in the PSR, the district court deemed Payton a career offender under U.S.S.G § 4B1.1, due to two prior felony convictions for controlled substance offenses.  This resulted in a base offense level of 37, rather than the base offense level of 26, described above.  The PSR also contemplated a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b), which resulted in a net offense level of 34.  At sentencing, the Court adopted the presentence findings and granted the government's motion for a four-level departure for substantial assistance under U.S.S.G. § 5K1.1, resulting in a final offense level of 30.  This offense level corresponded to a guideline range of 168-210 months.  Payton was sentenced to 168 months imprisonment.  Subsequently, Payton filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on amendments to U.S.S.G. § 2D1.1.  Amendment 706, promulgated by the United States Sentencing Commission on November 1, 2007, which amended the Drug Quantity Table in U.S.S.G. § 2D 1.1(c),

and Amendment 713, enacted on March 3, 2008, which applied to make Amendment 706 retroactive (collectively "crack cocaine amendments"), reduced the sentencing range applicable to all but the largest quantities of cocaine base. Payton argued that his sentence should be reduced according to the crack cocaine amendments. Payton did not challenge his status as a career offender under U.S.S.G. § 4B1.1. Instead, he argued that the crack cocaine amendments to U.S.S.G. § 2D1.1 allowed him to qualify for a sentence reduction under 18 U.S.C. § 3582. The district court determined that it did not have authority to re-sentence Payton under the statute, and denied Payton's Motion. Payton timely appealed.

## II. Standard of Review

Generally, this Court reviews the denial of a motion to modify a sentence under 18 U.S.C. § 3582(c)(2)under the abuse-of-discretion standard. *United States v. Perdue*, 572 F.2d 288, 290 (6th Cir. 2009) (citing *United States v. Wayne Carter,* 500 F.3d 486, 490 (6th Cir. 2007)).

If, however, as in this case, the district court did not exercise its discretion in denying the motion but "instead concludes that it lacks the authority to reduce a defendant's sentence under the statute, the district court's determination that the defendant is ineligible. . . is a question of law that is reviewed de novo." *United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010) (citing *United States v. Johnson*, 569 F.3d 619, 623 (6th Cir. 2009)). The question becomes whether the district court lacked authority to modify the defendant's sentence, and de novo review is properly applied. *United States v. Williams*, 607 F.3d 1123, 1125 (6th Cir. 2010).[1]

---

[1]*United States* v. Bowers, __ F.3d__, No. 08-5595 (6th Cir. August 12, 2010), holds, *inter alia*, that the appellate courts do not have jurisdiction to hear *Booker* unreasonableness allegations in a proceeding under 18 U.S.C. § 3582(c)(2). *Bowers* does not apply in situations where, as here, the defendant does not raise a *Booker* unreasonableness claim.

**III. Discussion**

Pursuant to 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment after it is imposed:

> in the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered* by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements* issued by the Sentencing Commission.

(emphasis added). Thus, the sentencing range on which the sentence was based must have been subsequently lowered by the commission, and the reduction of the sentence must be consistent with applicable policy statements to qualify for a reduction under the statute.

The Sentencing Commission issued guidance regarding sentence modifications pursuant to 18 U.S.C. § 3582(c)(2) in U.S.S.G. § 1B1.10 of the Guidelines. In relevant part, U.S.S.G. § 1B1.10(2) provides:

> (2) A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if –
> ...
> (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

The crack cocaine amendments, which apply to U.S.S.G. § 2D1.1 are contained in Subsection C to U.S.S.G. § 1B1.10.

Payton argues that, following the United States Supreme Court decision in *Booker,* all guideline provisions are discretionary rather than mandatory. Thus, his career offender status under U.S.S.G. § 4B1.1 alone does not control the determination of his sentence. Instead, all factors should be considered equally, including both U.S.S.G. §§ 4B1.1 and 2D1.1, to determine the application of 18 U.S.C. § 3582. Because

the U.S.S.G. § 2D1.1 guideline was a factor in the original sentence, Payton argues, the subsequent amendment to this guideline is sufficient to qualify him for reduction under 18 U.S.C. § 3582.

In the alternative, Payton argues that he was not sentenced within the career offender guideline because the district court ultimately allowed for a seven-level reduction under U.S.S.G. §§ 3E1.1 and 5K1.1 and, therefore, the sentence was outside of the "applicable range" language contained in U.S.S.G. § 1B1.10. Consequently, Payton would qualify for sentence reduction pursuant to U.S.S.G. § 3582.

Payton concedes that this Court rejected similar arguments in *United States v. Perdue*, 572 F.3d 288 (6th Cir. 2009), which held that 18 U.S.C. § 3582 does not apply to a sentence determined by the application of U.S.S.G. § 4B1.1. The relevant facts of *Perdue* are identical to the case at bar. Both Perdue and Payton pleaded guilty to possessing crack cocaine with the intent to distribute, but the career offender guidelines were determined to apply. *Perdue*, 572 F.3d at 289-90. Perdue and Payton ultimately received downward departures based on U.S.S.G. §§ 3E1.1(b) and 5K1.1. *Perdue*, 572 F.3d at 290. Payton fails to present any novel arguments on appeal, and there appears to be no basis for departing from the clear authority outlined by this Court.

This Court has consistently held that a "defendant convicted of crack-related charges but sentenced as a career offender under U.S.S.G. § 4B1.1 is not eligible for a reduction based on Amendment 706." *United States v. Bridgewater*, 606 F.3d 258, 260-1 (6th Cir 2010) (quoting *United States v. Curry*, 606 F.3d 323(6th Cir. 2010)); See also *United States v. Williams,* 607 F.3d 1123 (6th Cir. 2010).

This Court has also rejected Payton's alternative argument that the seven-level downward departure pursuant to U.S.S.G. §§ 3E1.1 and 5K1.1 operates to render him eligible for a reduced sentence pursuant to 18 U.S.C. § 3582. *United States v. Sewell*, No. 09-3408, 2010 WL 2711269 at *3 (6th Cir. July 2, 2010). As in *Sewell*, the district court found the career offender guidelines appropriate and the downward departure afforded to Payton was based on U.S.S.G. § 4B1.1.

Payton argues that the district court must consider § 2D1.1 as part of the applicable guideline range based on *Booker* and, therefore, that Payton's sentence must be eligible for reduction. However, the language of 18 U.S.C. § 3582(c)(2) controls in this instance. *Perdue,* 572 F.3d at 292-293. The plain language of the statute itself renders Payton's sentence ineligible for reduction. "Even assuming *arguendo* that the Sentencing Commission has no authority to limit the district court's ability to reduce [the defendant's] sentence, Congress may certainly cabin the court's discretion, and it does so expressly in the text of 18 U.S.C. § 3582(c)(2)." *Perdue*, 572 F.3d at 292; *United State v. Gillis,* 592 F.3d 696, 700 (6th Cir. 2009) (quoting *United States v. Lockett*, 341 F. App'x 129, 131(6th Cir. 2009)). The statute only allows for modification where a defendant's sentence was "based on a sentencing range that was subsequently lowered by the Sentencing Commission." *Perdue,* 572 F.3d at 292-293. Payton's sentence was based on U.S.S.G. § 4B1.1, because that range was used as the starting point for the calculations by the district court. Because U.S.S.G. § 4B1.1 has not been lowered by the Sentencing Commission, U.S.S.G. § 3582 does not apply.

Moreover, the language of 18 U.S.C. § 3582(c)(2) only authorizes a reduction if it "is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission outlined that a reduction "is not consistent with this policy statement and is therefore not authorized" if the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2). Application of the crack cocaine amendment would not lower the calculated range of Payton's sentence. Therefore, a reduction would not be consistent with the Sentencing Commission's policy statements.

### IV. Conclusion

For the foregoing reasons, the district court's denial of Payton's motion for sentence reduction is **AFFIRMED**.