NOT FOR FULL-TEXT PUBLICATION
File Name: 11a0003n.06

**FILED**
**Jan 04, 2011**
LEONARD GREEN, Clerk

No. 08-6421

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MARVIN DONTRAIL BROOKINS,

      Defendant-Appellant.

_____/

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF KENTUCKY

BEFORE:  SUHRHEINRICH, COLE and COOK, Circuit Judges.

**SUHRHEINRICH, Circuit Judge.**  Defendant Marvin Brookins appeals the district court's denial of his motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  We AFFIRM.

**I.**

On January 3, 2005, Brookins was charged by indictment with possessing 352.56 grams of cocaine with intent to distribute (Count 1), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); possession 80.44 grams of crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) (Count 2); and possessing 1707grams of marijuana with intent to distribute (Count 3), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), (b)(1)(C), and (b)(1)(D). Brookins pleaded guilty to the charges under a Fed. R. Crim. P. 11(c)(1)(C) plea agreement (C plea). In it,  the parties agreed in pertinent part that "a sentence at the lowest end of the applicable Guideline Range, but not less than any mandatory minimum term of imprisonment required by law, is appropriate," and that a three level reduction for acceptance of responsibility pursuant to USSG

§ 3E1.1(a) and (b) was warranted.  The government further agreed to consider moving for a substantial-assistance departure under United Sentencing Guidelines Manual § 5K1.1.

Brookins's base offense level was 32.  However, based on his status as a career offender, Brookins's base offense level was adjusted to 37.  *See* U.S.S.G. §§ 4B1.1(a) and 4B1.1(b)(A).  After a 3 level reduction for acceptance of responsibility, the total offense level was 34.  Brookins had 19 criminal history points, which resulted in a criminal history category of VI as a career offender.  The resulting Guidelines range was 262-327 months' imprisonment.

At the August 1, 2005 sentencing hearing, the Government moved pursuant to USSG § 5K1.1 for a substantial assistance reduction and requested a 22 month sentence reduction, thereby recommending the mandatory minimum of 20 years (240 months).  The district court granted the motion and imposed concurrent sentences of 240 months on Counts 1 and 2 and 120 months on Count 3.

Amendment 706, which reduces by two the base offense level for most offenses involving cocaine base, became retroactively effective in March 2008.  *See* U.S.S.G.  Supp. App. C, Amdt. 706 (effective Nov. 1, 2007); U.S.S.G. Supp. App. C, Amdt. 713 (effective March 3, 2008).  Shortly thereafter, the district court, pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, appointed counsel for Brookins and ordered the probation office to file a Memorandum of Recalculation (MOR) under seal.  The MOR noted that Amendment 706 retroactively reduced Brookins's base offense from 32 to 30, and with a 3 level reduction for acceptance of responsibility, the amended total offense level was reduced from 29 to 27.  However, as a result of his career offender status, the offense level was again enhanced to 37, and with a 3 level reduction for acceptance of responsibility, the total offense level was 34.  Brookins's criminal history category remained at VI and the

Guidelines range remained at 262-327 months. Thus, the MOR concluded that Brookins's "status as a career offender disqualifies him from a reduction" and his original sentence of 240 months remained in effect.

The district court denied the crack sentence reduction. The district court ruled that:

> The original sentence of 240 months is below the amended guideline range and constitutes the statutory mandatory minimum term of imprisonment applicable in this case. Therefore, no further reduction i[s] authorized.

This appeal follows.

## II.

A district court's conclusion that it lacks authority to reduce a defendant's sentence under § 3582(c)(2) is a question of law subject to de novo review. *United States v. Allen*, 614 F.3d 253, 256 (6th Cir. 2010). Further, as Brookins failed to file any objections in the district court, he must show plain error. *See* Fed. R. Crim. P. 52(b). Thus, Brookins must show (1) error, (2) that is plain, and (3) that affects substantial rights. Once these are shown, the appellate court must decide if the error affects the fairness, integrity, or public reputation of judicial proceedings. *Johnson v. United States*, 520 U.S. 461, 466-67 (1997).

Section 3582(c) provides a limited exception to the rule barring a court from altering a validly imposed sentence. It states as follows:

> The court may not modify a term of imprisonment once it has been imposed except that-... in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Guidelines Policy Statement U.S.S.G. § 1B1.10 addresses § 3582(c)(2) motions. It provides that if "the guideline range applicable" to a defendant serving a term of imprisonment has been subsequently lowered as a result of an amendment to Guidelines Manual, "the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2)." Such a reduction "shall be consistent with this policy statement." U.S.S.G. § 1B1.10(a)(1). A reduction in a defendant's term of imprisonment "is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Brookins cannot show error, plain or otherwise. First, as Brookins acknowledges, the district court correctly held that he was not entitled to a crack sentence reduction because he was subject to a mandatory minimum sentence. *See United States v. Johnson*, 564 F.3d 419, 423 (6th Cir.), *cert. denied*, 130 S. Ct. 318 (2009) (holding that a defendant who was subject to a mandatory minimum sentence was not entitled to a reduction in sentence based on the retroactive application of Amendment 706). Second, he is a career offender under USSG § 4B1.1, and therefore not eligible for a sentence modification under § 3582(c)(2) and Amendment 706. *See United States v. Payton*, 617 F.3d 911, 914 (6th Cir. 2010) (noting that "[t]his Court has consistently held that a defendant convicted of crack-related charges but sentenced as a career offender under U.S.S.G. § 4B1.1 is not eligible for a reduction based on Amendment 706" (internal quotation marks and citation omitted)); *United States v. Bridgewater*, 606 F.3d 258, 260-61 (6th Cir.) (same), *cert. denied*, 131 S. Ct. 545 (2010); *United States v. Perdue*, 572 F.3d 288, 292-93(6th Cir. 2009) (reasoning that Congress expressly limited the applicability of § 3582(c)(2) "to a defendant whose sentence was 'based on'

a subsequently-lowered 'sentencing range'" and Amendment 706 did not change the base offense level for career offenders under § 4B1.1 (quoting U.S.S.G. § 4B1.1)), *cert. denied*, 130 S. Ct. 1537 (2010).

Brookins nonetheless argues that the entry of a guilty plea pursuant to Fed. R. Crim. P. 11(c)(1)(C) (C plea) does not render him ineligible for a 2 level reduction of his crack cocaine sentence authorized by Guidelines Amendment 706. A Rule C plea binds the court to the sentence described in the agreement if the court accepts the plea. *See* Fed. R. Crim. P. 11(c)(1)(C) (stating that "[i]f the defendant pleads guilty . . . the plea agreement may specify that an attorney for the government will . . . agree that a specific sentence or sentencing range is the appropriate disposition of the case, . . . [and] such a recommendation or request binds the court once the court accepts the plea agreement"). Brookins contends that nothing in Rule 11(c)(1)(C) or 18 U.S.C. § 3582(c)(2) precludes a crack sentence reduction merely because the defendant enters a C plea. Furthermore, he maintains that there is no language in the plea agreement itself to suggest that Brookins waived his right to a resentencing under § 3582(c)(2).

At present, this argument is also foreclosed by this Court's decision in *United States v. Peveler*, 359 F.3d 369 (6th Cir.), *cert. denied*, 542 U.S. 911 (2004). *Peveler* holds that the language of Rule 11(c)(1)(C) generally preludes a court from amending a sentence pursuant to § 3582(c)(2), regardless of any subsequent change to the Guideline provision underlying the agreement, *id.* at 379, unless serious injustice would result, *id.* at 379 n.4. The *Peveler* court reasoned that under a C plea, the defendant's sentence is not "based on" a Guidelines range but rather on the terms of the plea agreement. *See id.* at 378-79. This ruling in *Peveler* has been called in question in light of the Supreme Court's grant of *certiorari* in *Goins* and *Freeman,* which cited *Peveler* as binding authority

in denying both petitioners § 3582(c) motions because both had entered into Rule 11(c)(1)(C) agreements. *See United States v. Goins*, *United States v. Freeman*, 355 F. App'x 1, Nos. 08-6372, 09-5047 (6th Cir. Nov. 20, 2009), *cert. granted by Freeman v. United States*, 2010 WL 1532401 (Sept. 28, 2010) (No. 09-10245). *See also id.* at 4-10 (White, J., concurring) (agreeing that *Peveler* was controlling in case *sub judice* but stating that *Peveler* construed § 3582(c)(2) more narrowly than Congress intended). In any event, any uncertainty on that question does not affect the bottom line here because none of the defendants in those cases were sentenced as career offenders or subject to a statutory mandatory minimum. The first two reasons discussed above support the district court's denial of the § 3582(c) motion, regardless of the outcome in *Freeman*.

Lastly, Brookins argues that if the Court (presumably the Supreme Court because this panel lacks authority to overrule *Peveler*) rules that the entry of a C plea does not automatically render the defendant ineligible for a crack sentence reduction, a remand to the district court would lead to further negotiations. He suggests that this would allow him to renegotiate the plea agreement and perhaps ask the government to make a § 3553(e) motion or even decline to prosecute Brookins as a career offender. This argument is also unavailing in light of our holding in *United States v. Washington,* that a § 3582(c)(2) proceeding is not a full resentencing, *see United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009), *cert. denied*, 130 S. Ct. 3479 (2010), which was recently ratified in *Dillon v. United States*, 130 S. Ct. 2683, 2690-91 (2010) (holding that "[s]ection 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding"). *See also United States v. Horn*, 612 F.3d 524, 528 (6th Cir. 2010) (noting that *Dillon* ratified the holding in *Washington*), *cert. denied*, – S. Ct. – (Dec. 6, 2010) (No. 10-7341).

**III.**

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**