**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0549n.06

No. 09-4035

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Aug 08, 2011*

LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| DARRYLE HUNTER, aka Derryle E. Hunter, aka | ) | **OPINION** |
| Darrell E. Hunter, aka Darryle E. Porter, aka Derryl | ) | |
| Porter, aka Derryle E. Porter, aka Derryle Hunter | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| _____ | ) | |

**Before: WHITE and STRANCH, Circuit Judges, and COHN,<sup>*</sup> District Judge**.

**HELENE N. WHITE, Circuit Judge.** Defendant-Appellant Darryle Hunter appeals the

district court's denial of his motion seeking a sentence modification under 18 U.S.C. § 3582(c)(2).

We **AFFIRM**.

**I.**

On September 1, 1998, Hunter was indicted on one count of possession with intent to

distribute approximately 5.6 grams of crack cocaine, 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count

I), and one count of being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1) (Count II). On

December 1, 1998, Hunter pleaded guilty to Count I pursuant to a plea agreement with the

---

<sup>*</sup>The Honorable Avern Cohn, United States District Judge for the Eastern District of
Michigan, sitting by designation.

1

Government that provided for the dismissal of Count II. The plea agreement also included stipulations that Hunter was a career offender within the meaning of U.S. Sentencing Guidelines § 4B1.1, that his base offense level was thirty-four, and that his adjusted base offense level – taking into account a three-level downward adjustment for acceptance of responsibility – was thirty-one.

At Hunter's March 2, 1999 sentencing, the parties agreed that Hunter's total offense level was thirty-one and his criminal history category was VI. The resulting Guidelines range was 188 to 235 months' imprisonment, and the district court sentenced Hunter to 210 months' imprisonment.

Almost ten years later, on February 3, 2009, Hunter filed a pro se motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 706, which lowered the base offense levels for crack-cocaine offenses. The government opposed Hunter's motion, arguing that Hunter was not eligible for a sentence reduction under § 3582(c)(2) because he was sentenced under the career-offender Guidelines, which, unlike the crack-cocaine Guidelines, had not been lowered by the U.S. Sentencing Commission. The district court appointed counsel for Hunter, and on June 17, 2009, counsel filed another motion for a sentence reduction pursuant to § 3582(c)(2), arguing that although his "initial offense calculation was increased by the career offender enhancement," Hunter should nevertheless prevail on his motion because the district court had "expanded discretion in sentencing under the now advisory sentencing guidelines, and because [his] conviction and sentence were grounded in a criminal offense involving cocaine base."

The district court also granted Hunter leave to file a supplemental brief in support of his motion, in which he argued for the first time that he was not a career offender because the predicate offenses underlying his career-offender classification – two burglaries – were related. Hunter argued

2

that he was "carrying property taken during the first burglary when caught for the second burglary, reflecting the fact that the burglaries were part of a single common scheme or plan," there was no intervening arrest, he was arrested for both offenses on the same day, and he pleaded guilty of both offenses and was sentenced on the same day and by the same judge for both offenses.

On August 13, 2009, the district court denied Hunter's motion for a sentence reduction, stating that "[b]ecause [Hunter's] Guideline range was determined based upon his Career Offender status rather than the offense level for a violation of 21 U.S.C. § 841, he [was] not eligible for a reduction." Hunter timely appealed.

## II.

Hunter argues that the district court abused its discretion in denying his motion to modify his sentence because (1) the career-offender classification should not render Hunter ineligible for a sentence modification in light of the Guidelines' advisory nature pursuant to *United States v. Booker*, 543 U.S. 220 (2005); (2) Hunter's sentence was "based on" an offense involving crack cocaine "even though the career offender guideline of U.S.S.G. § 4B1.1 also figured into the guideline calculation"; and, (3) Hunter "was erroneously found to be a career offender at the time of sentencing." In turn, the government contends that the district court properly denied Hunter's motion because "*Booker* does not render Hunter eligible for a reduced sentence under § 3582(c)(2)," and Hunter's "enhanced offense level [that was based on his career-offender status] . . . remains unchanged by the crack cocaine amendment."

We typically "review[] the denial of a motion to modify a sentence under 18 U.S.C. § 3582(c)(2) under the abuse-of-discretion standard." *United States v. Payton*, 617 F.3d 911, 912 (6th

Cir. 2010) (citations omitted). However, where the district court does not "exercise its discretion in denying the motion but 'instead concludes that it lacks the authority to reduce a defendant's sentence under the statute, the district court's determination that the defendant is ineligible . . . is a question of law that is reviewed de novo.'" *Id.* at 913 (citing *United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010) (quoting *United States v. Johnson*, 569 F.3d 619, 623 (6th Cir. 2009))).

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Allen*, 614 F.3d 253, 256 (6th Cir. 2010) (citation omitted). Section 3582(c)(2) allows a district court to modify a sentence

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The district court undertakes a two-step inquiry in a proceeding under § 3582(c)(2). *See Allen*, 614 F.3d at 256. First, the district court must "'determine the amended guideline range that would have been applicable to the defendant' if the amendment had been in effect at the time of the original sentence, [and in making this determination] . . . 'substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced' and . . . 'leave all other guideline application decisions unaffected.'" *Id.* (citing U.S.S.G. § 1B1.10(b)(1)). If the district court determines that the defendant is eligible for a sentence reduction, it proceeds to the second step of the inquiry, pursuant to which it "must consider any applicable factors in § 3553(a) and 'determine whether, in its discretion, the reduction authorized by reference

4

to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" *Id*. at 256-57 (citations omitted).

Guidelines Amendment 706, enacted November 1, 2007, "amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c)," and "reduced the sentencing range[s] applicable to all but the largest quantities of cocaine base." *Payton*, 617 F.3d at 912. Amendment 713 made Amendment 706 retroactive. *See id.* Thus, Hunter would qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2) if he had been convicted of a crack-cocaine offense and sentenced on this basis. However, Hunter was sentenced as a career offender under § 4B1.1, and we have repeatedly held that a "defendant convicted of crack-related charges but sentenced as a career offender under U.S.S.G. § 4B1.1 is not eligible for a reduction based on Amendment 706." *United States v. Bridgewater*, 606 F.3d 258, 260-61 (6th Cir. 2010) (citations omitted); *see also United States v. Perdue*, 572 F.3d 288, 293 (6th Cir. 2009) ("Because Amendment 706 has no effect on the ultimate sentencing range imposed on Perdue under the career-offender Guideline, the district court did not err in declining to grant his motion for a reduction in sentence.").

Hunter's additional argument that, following *Booker*, all guideline provisions are discretionary rather than mandatory, and therefore his career-offender status under § 4B1.1 alone does not control the determination of his sentence, was explicitly rejected by the Supreme Court in *Dillon v. United States*, 130 S. Ct. 2683 (2010). *Dillon* rejected the argument that the interests identified in *Booker* require that the Guidelines be treated as advisory in § 3582(c)(2) proceedings. 130 S. Ct. at 2692. ("Given the limited scope and purpose of § 3582(c)(2), . . . proceedings under that section do not implicate the interests identified in *Booker*.").

5

Lastly, we address Hunter's contention that he was improperly classified as a career offender. In arguing that his two prior offenses were related, it appears that Hunter is attempting to rely on Guidelines Amendment 709, effective November 1, 2007, which "altered the way in which the Guidelines determined whether prior crimes would be treated as single or separate offenses." *United States v. Horn*, 612 F.3d 524, 526 (6th Cir. 2010). Pursuant to this Amendment, "multiple offenses for which sentences are imposed on the same day are counted as a single offense unless there was an intervening arrest between the offenses." *Id.* However such a consideration "is outside the scope of a resentencing proceeding under § 3582(c)(2)." *Allen*, 614 F.3d at 258. According to *Dillon*, "[b]y its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding." 130 S. Ct. at 2690. "Instead, it permits a sentence reduction within the narrow bounds established by the Commission." *Id.* at 2694. Although Hunter's prior offenses would likely be counted as a single offense under Amendment 709, this Amendment was not made retroactive by the Sentencing Commission, and we have held that district courts lack authority to resentence defendants under this Amendment. *See Horn*, 612 F.3d at 525.

Because the district court did not err in denying Hunter's motion for a sentence modification under § 3582(c)(2), we **AFFIRM**.