NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0508n.06

Case No. 09-1494

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jul 22, 2011*

LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE |
| v. | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE EASTERN |
| GREGORY RHODES, | ) DISTRICT OF MICHIGAN |
| | ) |
| Defendant-Appellant. | ) |
| | ) |
| _____ | ) |

**BEFORE: BATCHELDER, Chief Judge; KEITH and ROGERS, Circuit Judges.**

**ALICE M. BATCHELDER, Chief Judge.** Gregory Rhodes appeals the district court's

denial of his motion for a sentence reduction following the Sentencing Commission's decision to

lower the Guidelines range for crack offenses. Because Rhodes was sentenced as a career offender

and his sentence was not based on the crack guidelines, we AFFIRM.

**I.**

In 1991, Gregory Rhodes pled guilty to conspiracy to possess with the intent to distribute

cocaine and cocaine base (i.e., "crack"). At his sentencing, Rhodes was determined to be a career

offender under U.S.S.G. § 4B1.1. His Total Offense Level was found to be thirty-five, and his

Criminal History Category was found to be VI, resulting in a Guidelines imprisonment range of

292–365 months. The district court sentenced him to 292 months in prison and the sentence was

upheld on appeal.

In 2007, the Sentencing Guidelines were amended to reduce the base offense levels in U.S.S.G. § 2D1.1 for most crack offenses. U.S.S.G. App. C, amend. 706 (2007). In 2008, that amendment was made retroactive. U.S.S.G. App. C, amend. 713 (2008). Shortly thereafter, Rhodes filed an 18 U.S.C. § 3582(c)(2) motion to reduce his sentence. The court denied the motion due to Rhodes' status as a career offender. Rhodes now appeals.

**II.**

This is one of a long line of cases in which a defendant argues that his sentence was "based on" the crack guidelines of U.S.S.G. § 2D1.1 when, in fact, the defendant was sentenced as a career offender under U.S.S.G. § 4B1.1. This Court has repeatedly held that when a defendant is sentenced as a career offender, his sentence is based on the career offender guidelines alone; it is not based on the guidelines for the underlying offense. *See*, *e.g.*, *United States v. Payton*, 617 F.3d 911, 914 (6th Cir. 2010); *United States v. Bridgewater*, 606 F.3d 258, 260-61 (6th Cir. 2010); *United States v. Williams*, 607 F.3d 1123, 1125-26 (6th Cir. 2010); *United States v. Perdue*, 572 F.3d 288, 292-93 (6th Cir. 2009). That holding finds its roots in the language of 18 U.S.C. § 3582(c)(2), which applies only to a defendant whose sentence was "based on" a subsequently-lowered "sentencing range." *See Perdue*, 572 F.3d at 292. A district court's mere calculation of the offense level under the crack guidelines does not render a defendant's career offender designation inapplicable. *Id*. at 292-93. Nor does a district court's downward departure from the career offender guidelines render a career offender designation inapplicable. *Bridgewater*, 606 F.3d at 261-62. When a defendant is sentenced as a career offender, the career offender guidelines do not simply supplement the crack guidelines; they *supplant* them.

Because Rhodes was sentenced as a career offender, and the career offender sentencing range has not been lowered, he is ineligible for relief under § 3582(c)(2). Accordingly, we **AFFIRM**.